Reese v. Rice.

SIMON REESE, as *Sheriff of Bourbon County,* v.
J. W. RICE.

1. CASE-MADE, *Held, Sufficient.* Where a case-made contains in chronological order the pleadings, motions, evidence, judgment, and at the conclusion of the case thus made contains the following statement: "And these are all the processes, pleadings, motions, proceedings, evidence, rulings, decisions, decrees, orders, judgment, exceptions, journal entries, and constitute and complete the entire record," and the judge allows, settles and signs the same, it implies that all the statements therein are true, and it presents the entire proceedings of the court below, so that it is reviewable in the appellate court.

2. SHERIFF—*Amercement—Practice.* The provisions of § 472, chapter 80 of the General Statutes of 1889 for amercement of a sheriff for failure to return an execution within 60 days, is highly penal in its character, and he who would avail himself of the remedy by amercement must bring himself strictly both within the letter and spirit of the law.

3. —————— *When not Amerced.* The execution must conform strictly to the judgment rendered. When the execution commands the sheriff to collect a sum in excess of that named in the judgment, the sheriff, in a proceeding to amerce him for a failure to return the same within 60 days as required by law, will be relieved from the penalty or from a judgment of amercement.

4. —————— *Escapes Amercement, When.* Where an execution is directed to the sheriff of any county in this state other than the one in which it is issued, the same may be returned through the United States mail; and if the sheriff, after having performed all that is required of him in an attempt to execute the same, makes out a certificate of his doings thereunder, dates the same, and has the clerk of the district court of his county enter the return on his execution-docket, and he then deposits the same in the United States post-office, addressed to the clerk of the court where it is issued, a sufficient time before the return-day for it to reach the office of the clerk issuing the same, and it fails to reach the office of the clerk who issued it on or before the return-day thereof, the sheriff is not liable for amercement or penalty.

MEMORANDUM.—Error from Osage district court; WILLIAM THOMSON, judge. Proceedings by motion

for the amercement by J. W. Rice against Simon Reese, as sheriff. From a judgment for mover, defendant brings error. Reversed. Opinion filed August 6, 1895.

The statement of the case, as made by JOHNSON, P. J., is as follows:

On the 2d day of December, 1889, J. W. Rice recovered a judgment in the district court of Osage county, Kansas, against O. D. Couch, F. H. Jenness and S. M. Land, for the sum of $1,527.70 debt, and the further sum of $118.63 as costs of said action; said judgment of $1,527.70 to draw interest at the rate of 7 per cent. per annum from its date. On the 7th day of April, 1890, the clerk of the district court of Osage county issued an execution on said judgment, directed to Simon Reese, the sheriff of Bourbon county, Kansas, returnable in 60 days from the date of its issue, and it was received at the office of said clerk of the court on the 12th day of June, 1890. On the 4th day of February, 1891, J. W. Rice filed a motion in the office of the district clerk of Osage county, Kansas, to amerce Simon Reese, sheriff of Bourbon county, Kansas, and notice was duly served on said Simon Reese of the filing of said motion, and the pendency of the proceedings for his amercement. At the March term, 1891, said motion was heard and sustained, and judgment was rendered against the sheriff for $1,963.24, to which judgment he duly excepted and filed his motion for a new trial. This motion was overruled, and Reese duly excepted, and brings the matter to this court for a review.

*C. E. Cory*, for plaintiff in error.

*Bradford & Huron*, for defendant in error.

The opinion of the court was delivered by

JOHNSON, P. J. : Defendant in error contends that
the record in this case does not contain sufficient facts
for this court to review the proceedings of the court
below.    The case-made contains the motion to amerce
the sheriff, the service on him of said motion, the
motion of the sheriff and affidavit to dismiss, the evi-
dence on the hearing of the motion, the order of the
court sustaining the motion to amerce, judgment for
amercement, motion for a new trial, the order of the
court overruling the same, concluding with the fol-
lowing statement : "These are all the processes,
pleadings, motions, proceedings, evidence, rulings,
decisions, decrees, orders, judgment, exceptions, jour-
nal entries, and constitute and complete the entire
record," and the certificate of the judge shows that
the attorneys for both parties were present at the set-
tlement, allowance and signing of the case, and the
certificate of the judge, *inter alia*, contains the follow-
ing : "The within and foregoing is by me settled and
allowed and signed as a full and correct case-made so
far as the same is necessary to present the errors
complained of by Simon Reese, defendant, and the
same is a true and correct history of said case for the
purposes aforesaid."    This case was made within the
time allowed by the court and served on the defend-
ant in error, and was settled, allowed and signed by
the judge in the presence of attorneys for both parties,
and we think that it contains all that is necessary to
enable this court to review the proceedings of the
court below.    The criticism of counsel is that the cer-
tificate of the judge does not contain the statement
that the case-made contains all the evidence and rul-
ings and judgment of the trial court.    Where the

case-made contains what purports to be the pleadings, evidence and proceedings on the trial of the case, and at the conclusion contains a statement that it does contain all of the evidence and all other proceedings had on the trial of the case, and the judge settles, allows and signs the same, it imports the truthfulness of the statements contained therein, and does not require the certificate of the judge that it does contain the proceedings of the trial.

It is also insisted that the record is not attested by the clerk of the court with the seal attached. The attestation of the clerk is as follows :

"The foregoing case-made is hereby attested and authenticated by the clerk of said court, under the seal thereof, in accordance with the foregoing order of the judge of said court who tried said cause. Witness my hand and seal of said court, this 2d day of June, 1891. W. D. WELLS, Clerk of the district court, Osage county, Kas."

The seal of the court is attached thereto. This is a sufficient attestation of the case. The particular objection of the counsel in his argument in the case is that the seal of the court is not attached to the attestation of the clerk, but upon an inspection of the record we find that the impression of the seal is plainly visible upon the paper.

This was a proceeding in the court below to amerce Simon Reese, sheriff of Bourbon county, for his failure to return an execution issued on the 7th day of April, 1890, returnable in 60 days from the date of its issue. The sheriff indorsed his return upon the execution as follows :

"Received this writ this 8th day of April, A. D. 1890, and, pursuant to the command thereof, I made diligent search and inquiry for property belonging to the within-named defendants in my county, but did

not find any such property in my county on which to levy to make the within judgment and costs.   I therefore return this execution not satisfied for want of such property on which to levy.   Witness my hand this 4th day of June, 1890.''

There is also indorsed on the execution the following :

''Filed, April 8, 1890, J. B. Bayless, clerk Bourbon county, ex., foreign, Doc. A., page 34,''   ''Filed and returned.   Entered this 4th day of June.   J. B. Bayless, clerk Bourbon county, Kas.''

Sections 475 and 476, chapter 80, General Statutes of 1889, read :

''SEC. 475.   When an execution is issued to the sheriff of any county other than that in which the judgment was rendered, the sheriff, after indorsing the date of its receipt thereon, shall deliver the same to the clerk of the district court of his county, who shall thereupon enter the same in the execution-docket in the same manner as if it had issued from the court of which he is clerk ; and before the sheriff shall return any such writ he shall cause his return to be entered in like manner.

''SEC. 476.   When execution shall be issued in any county in this state and directed to the sheriff or coroner of another county, it shall be lawful for such sheriff or coroner having the execution, after having discharged all the duties required of him by law, to inclose such execution by mail to the clerk of the court who issued the same.   On proof being made by such sheriff or coroner that the execution was mailed soon enough to have reached the office where it was issued within the time prescribed by law, the sheriff or coroner shall not be liable for any amercement or penalty if it do not reach the office in due time.''

The return indorsed on this writ by the sheriff, and the entry made by the clerk of the district court of Bourbon county, and the affidavit of Simon Reese,

establish *prima facie* that this writ was returned within 60 days from its date; so the burden of showing that it was not returned within the time stated in the writ was thrown upon J. W. Rice, and the only evidence offered to prove that fact was that of the clerk of the district court of Osage county, in which he states that he did not receive it at his office until the 12th day of June, but when it was received it had the indorsement written thereon showing just what the sheriff had done under the execution. Also, a certain envelope was introduced in evidence, over the objection of the attorney for Reese, in which the execution was returned, having the post-mark that it was posted in the United States post-office at Fort Scott, Kas., on the 11th day of June; but this cannot overcome the return indorsed on the writ and indorsement of the return of the clerk of the district court of Bourbon county and the sworn statement of Reese that it was mailed on the same day that the return was indorsed on the execution, and that the return was made on the day it bears date. While it is ordinarily true that, where the trial court has found a matter of fact from testimony before it, a reviewing court will seldom reverse the case where it depends upon the fact found by the court on evidence; but this proceeding is not in the nature of a trial in the court where the party is entitled to a trial by a jury, but is a summary proceeding under the statute for an official delinquency. Section 472 of chapter 80 reads:

"If any sheriff . . . shall neglect to return any writ of execution to the proper court on or before the return-day thereof, . . . such sheriff . . . shall, on motion in court and two days' notice thereof in writing, be amerced in the amount of said debt, damages and costs, with 10 per cent. thereon, to and

for the use of the said plaintiff or defendant, as the case may be.''

This statute is highly penal in its provisions.   It is, therefore, to be strictly complied with ; and it is incumbent on the party seeking to enforce its provisions to make a case clearly within the letter and spirit of the statute, which we do not think was done in this case.   The only delinquency complained of against the sheriff was a failure to return the execution issued by the clerk of the district court of Osage county, Kansas, dated the 7th day of April, 1890, returnable in 60 days from its date.   This execution was issued on a judgment rendered by the district court of Osage county, on the 2d day of December, 1889, in a case in which J. W. Rice was plaintiff, and J. B. Gamble, S. M. Land, Samuel Embell, L. F. Cochran, F. H. Jenness, O. D. Couch, O. D. Couch and F. H. Jenness, under the firm name and style of O. D. Couch & Co., were defendants, and judgment was rendered against O. D. Couch, F. H. Jenness and S. M. Land for the sum of $1,527.70 and the costs of the action, taxed at $118.63, and that the judgment for $1,527.70 bear interest from date at the rate of 7 per cent. per annum.   The execution issued and placed in the hands of Simon Reese, as sheriff, to execute is as follows :

''Whereas, J. W. Rice, on the 2d day of December, 1889, recovered a judgment before the district court within and for the county of Osage, in the thirty-fifth judicial district of the state of Kansas, against O. D. Couch, F. H. Jenness and S. M. Land in a certain cause then pending in said court, No. 4180, wherein J. W. Rice was plaintiff, and O. D. Couch, F. H. Jenness and S. M. Land were defendants, for the sum of $1,527.70 debt, and for the further sum of $118.63 cost in this behalf expended, together with the inter-

est on said debt and cost at the rate of 7 per cent. per annum from the date of the judgment until paid : These are therefore to command you that of the goods and chattels of the said O. D. Couch, F. H. Jenness and S. M. Land you cause to be made the debt and cost aforesaid, together with $6.50 cost accrued in this behalf, and for want of goods and chattels cause the same to be made out of the lands and tenements of the said O. D. Couch, F. H. Jenness and S. M. Land, and that you have the same before the court aforesaid in 60 days from this date in said Osage county and state of Kansas aforesaid, and that you then and there certify how you have executed this writ.

'' Witness my hand and the seal of said court, affixed at my office in Lyndon, this 7th day of April, A. D. 1890.    GEORGE WEBER, *Clerk of the District Court.*''

To sustain this execution and show its validity, the said J. W. Rice introduced in evidence, page 374 of journal L, being a journal entry in case No. 4180, entitled ''J. W. Rice, plaintiff, *v.* J. B. Gamble, S. M. Land, Samuel E. Embell, L. F. Cochran, O. D. Couch, F. H. Jenness, O. D. Couch and F. H. Jenness, under the firm name and style of O. D. Couch & Co., defendants,'' which reads as follows :

''It is therefore ordered and adjudged by the court, that said plaintiff, J. W. Rice, do have and recover of and from the said defendants, O. D. Couch, F. H. Jenness and S. M. Land, the sum of $1,527.70 and the costs of this action taxed at $118.63, and that said judgment of $1,527.70 bear interest at 7 per cent. per annum.''

It is claimed that there is such a variance between the judgment and the recitals in the execution as was sufficient to excuse the sheriff for not returning the execution within the 60 days, as required by law. The right of J. W. Rice to demand a judgment of amercement in this case has no equitable basis, for

the neglect of official duty of which he complains has resulted in no injury to him. The execution-debtors were absolutely insolvent when the execution was issued against them, and have continued to be so ever since. His rights, then, are purely statutory; but if he makes a clear case for amercement under the statute, it is no defense against his claim that he had not been injured. The statute under which he proceeds is a highly penal one. It affords a summary remedy without trial by jury for official delinquency. Such being the character of the statute, it has been repeatedly held that he who would avail himself of the remedy by amercement must bring himself both within the letter and spirit of the law. The execution set out in the notice and motion to amerce the sheriff recites: "That whereas, J. W. Rice, on the 2d day of December, 1889, recovered a judgment before the district court within and for the county of Osage, in the thirty-fifth judicial district of the state of Kansas, . . . wherein J. W. Rice was plaintiff, and O. D. Couch, F. H. Jenness and S. M. Land were defendants, for the sum of . . .," while the judgment given in evidence to support said execution was in a case wherein J. W. Rice was plaintiff, and J. B. Gamble, S. M. Land, Samuel E. Embell, F. H. Cochran, O. D. Couch, F. H. Jenness, O. D. Couch and F. H. Jenness, under the firm name and style of O. D. Couch & Co., were defendants. We do not think the execution conforms to the judgment proven. There was no evidence to prove a judgment in the case entitled in the execution set out in the motion and notice. It was incumbent upon the party seeking to amerce the sheriff to show a valid judgment in which the execution issued, and the execution should follow the judgment. A variance between the judgment given in

evidence and the execution is also found in the recitals of the judgment and the execution in the following respect : The judgment in the case of Rice *v.* Gamble *et al.* adjudged that the plaintiff recover the sum of $1,527.70 and costs of this action, taxed at $118.63, and that the judgment for $1,527.70 bear interest from this date at the rate of 7 per cent. per annum, while the execution upon which the amercement is sought commands the sheriff to collect the sum of $1,527.70 debt, and for the further sum of $118.63 cost in this behalf expended, together with interest on said debt and *costs* at the rate of 7 per cent. per annum from the date of judgment until paid. The execution did not conform strictly to the judgment rendered.   It stated interest on a part of the judgment not authorized by the judgment, and was in excess of the judgment.

The judgment of the district court is reversed, and the case remanded, with direction to overrule and deny said motion to amerce the sheriff, and to enter judgment for costs against J. W. Rice.

All the Judges concurring.