### HELEN J. MOORE v. D. N. BURDGE.

#### No. 342.

AMERCEMENT—*Not Awarded, When— Sheriff's Sale.*  Where the successful bidder at a sheriff's sale repudiates the sale and refuses to pay the amount of his bid on account of a mistake, and the sheriff returns the order of sale in due time with a certificate of the facts thereon, and afterwards another order of sale is issued and the property is sold thereunder for a much less sum than at the first sale, this does not not constitute a failure on the part of the sheriff to execute the first order of sale, so as to subject him to amercement under paragraph 4570, General Statutes of 1889. (Gen. Stat. 1897, ch. 95, § 478.)

Error from Shawnee district court; Z. T. HAZEN, judge.  Opinion filed April 8, 1898.  Affirmed.

Moore v. Burdge.

ERROR is brought from the ruling of the court below upon a motion to amerce the defendant in error, as sheriff, under paragraph 4570, General Statutes of 1889 (Gen. Stat. 1897, ch. 95, § 478). There is no dispute as to the essential facts in the case, and these may be summarized as follows: On the 3d day of May, 1894, an order of sale was issued by the clerk of the district court of Shawnee county, directed and delivered to the defendant in error as sheriff, commanding him to advertise and sell according to law the real estate therein described, and reciting the order of the court that said sale should be without appraisement, subject to a first lien of $1500. Except for this recital, the order of sale contained no command to sell subject to a first lien, or in accordance with the order of the court. The property was duly advertised for sale, except that no mention was made of the sale being subject to a lien, and was struck off at public auction to Mary R. Hunt for $500. This bid was repudiated by the bidder for the reason that it was made under a mistake of fact, in this, that the bidder supposed she was buying the full title and not subject to a prior lien. Payment of the sum bid was refused. The plaintiff in error thereupon requested the sheriff to enforce the bid, which he declined to attempt. The order of sale was returned to the clerk in due time, with a certificate of the sheriff showing what had been done under it.

Soon afterwards another order of sale was issued, and the property was duly sold to the same person who made the other bid, for fifty dollars, and this sale was examined and confirmed by the court. Afterwards the plaintiff in error requested the sheriff to proceed and collect from the bidder the difference be-

6—7 KAN. APP.

tween the amount of the first sale and the second sale, which he refused to do. Upon this the proceedings to amerce were begun, and the court, after hearing the motion, evidence, and argument of counsel, overruled the same. To reverse this ruling, these proceedings were instituted in this court.

*E. G. Wilson*, for plaintiff in error.

*Vanie & Campbell*, for defendant in error.

The opinion of the court was delivered by

WELLS, J. : The plaintiff in error contends that the action of the defendant in error under the order of sale constituted a failure to execute the same, and that therefore the amercement should have been decreed, and refers us to the following authorities in support of such contention : *Armstrong v. Grant and Prest*, 7 Kan. 285 ; *National Bank v. Franklin*, 20 id. 264 ; *Walker v. Braden, Sheriff*, 34 id. 660 (9 Pac. Rep. 613) ; *Gray v. Case*, 51 Mo. 463 ; 2 Freeman on Executions, §§ 300, 301.

The case of *Bank v. Franklin*, supra, was an action for damages for delivering property in the hands of the officer to some third person so that the same became lost, and there were but three questions discussed in it : (1) Is the appraisement conclusive evidence of the value of the property? (2) Was there error in refusing to admit the order of sale in evidence ? (3) Was a writ directed to the deputy sheriff void, or simply irregular ?

Freeman on Executions, supra, contains nothing conclusive in support of the position of the plaintiff in error. The text (sec. 301) says, "The officer is not authorized to sell on credit." This is followed by a note saying, "Yet it would hardly be expected that

the bidders would attend with the necessary coin in their hands. Some indulgence may be given. (*Ruckle v. Barbour*, 48 Ind. 274.)'' It is said, in substance, that the levy and sale are for the benefit of the plaintiff and his wishes should be respected. ''Hence the plaintiff should be allowed to accept payment in any manner satisfactory to him. . . . If, however, the officer surrenders the property to the purchaser, or otherwise treats the sale as consummated, the former becomes responsible to the plaintiff for the amount of the bid.'' These are parts of the section referred to, and announce some of the general principles governing such sales.

*Walker v. Braden*, supra, was an action brought by the sheriff to recover from the bidder the amount of the accepted bid for property sold and delivered to the defendant. On page 666, JOHNSTON, J., speaking for the court, says :

'' This return shows not only an unsatisfied execution, but it discloses an actual sale to the plaintiff in error, and also that the sheriff, instead of rescinding the contract and reselling the property, elected to make himself liable by returning a sale, trusting to a recovery against the purchaser. The testimony of the sheriff is, that immediately after the sale the possession of the property was delivered to the purchaser, and by the sale and delivery thus made the sheriff undoubtedly made himself liable for the amount of the bid.''

This is just what the sheriff in the case at bar did not do. He rescinded the contract, kept the possession, and resold the property, and thus elected not to make himself liable.

*Armstrong v. Grant and Prest*, supra, was an action brought to amerce a sheriff for not serving an execution delivered to him some thirty days before his term

of office expired, but not returnable for several days after the expiration of said term, and the supreme court held that this could not be done without a showing of negligence. "The provision of section 472, chapter 80, of the General Statutes of 1889, for amercement of a sheriff, . . . is highly penal in its character, and he who would avail himself of the remedy by amercement must bring himself strictly both within the letter and spirit of the law." ( *Reece v. Rice*, 1 Kan. App. 311, 41 Pac. Rep. 218.) ' From the evidence in this case, it is doubtful if the sheriff could have sustained a suit for the price bid at the first sale, had he elected to assume the responsibility ; but, waiving this, the action of the defendant in error does not constitute a refusal or failure to execute the order of sale, and the court properly overruled the motion to amerce him therefor.

The judgment of the district court is affirmed.