## H. C. WEY v. W. H. SCHOFIELD.

MORTGAGE, *Failure to Release—Action for Penalty.* An action to recover a penalty for failing to discharge of record a mortgage which had been fully paid and satisfied cannot be maintained until a demand for such discharge has been made, and it can only be brought within one year after the cause of action accrues; but where no demand is made until more than one year after the demand could have been made, the action to recover the penalty is barred by the statute of limitations.

*Error from Phillips District Court.*

THE opinion states the case.

*C. A. Lewis,* for plaintiff in error:

The cause of action accrues at the time the mortgage is actually paid, and the statute commences to run from that time. It is true that, in order to be entitled to bring the action, the mortgagor must make a demand upon the mortgagee or his assignee, but this action being in the nature of a penal action, the demand is simply a condition precedent to be performed by the mortgagor in order to entitle him to bring any action at all. Gen. Stat. of 1889, ¶¶ 3892, 3910; *Hall v. Hurd,* 40 Kas. 374.

The statute under which this action was brought is in the nature of a penal statute, and must be strictly construed. 2 Jones, Mort., § 990; *Engle v. Hall,* 7 N. W. Rep. 239; *Eslow v. Huxford,* 18 id. 630; *Crumbly v. Bardon,* 36 id. 19; *Thomas v. Reynolds,* 29 Kas. 304.

*N. B. McCormick,* and *Frank McKay,* for defendant in error:

The first question raised by counsel for plaintiff in error is the statute of limitations. The law is very clear, and there can be no question but that the statute does not commence to run until the demand is made. *Hall v. Hurd,* 40 Kas. 374.

The second error alleged is in the action of the court in admitting certain evidence to establish the value of attorney's

services in prosecuting the case. We fail to see any error in the matter. The next error alleged is the action of the court in giving instruction No. 2. This is virtually the same as raised by his first objection, being an instruction in relation to the statute of limitation, and what we have said on that question applies with equal force here.

The opinion of the court was delivered by

JOHNSTON, J.: This action was brought by W. H. Schofield against H. C. Wey, to recover $200, as penalty for refusing, on demand, to discharge of record two chattel mortgages given by Schofield to Wey. The first of these mortgages was filed for record on October 20, 1886, and it is alleged that the debt for which it was given was fully paid and satisfied during the year 1886. The second mortgage was entered of record July 21, 1887, and it is alleged that the debt for which it was given was paid in full on October 26, 1888. The mortgages were not discharged of record, and no demand was made upon Wey to release them of record until January 9, 1890. This action to recover the penalty was brought on March 4, 1890.

While there is some contention that the whole of the debt secured by the mortgages had not been paid, the principal contention is that the action to recover the penalty has been barred by the statute of limitations. There being no limitation upon the bringing of the action in the statute imposing the penalty, it can only be brought within one year after the cause of action shall have accrued. (Civil Code, § 18, subdiv. 4.) Before an action can be maintained to recover this penalty, a demand must be made by the mortgagor for the release of the mortgages, but he cannot extend the statutory period of limitation by an unreasonable delay in making such demand. Much more than a year elapsed between the time of payment and when a demand for a discharge of record might have been made before the demand was actually made. The preliminary step essential to the maintenance of an action was to be taken by the mortgagor, and it is generally held that a

party who must take affirmative action to obtain a right or remedy cannot safely sit still when he might act, nor long delay the taking of such initiatory steps as would enable him to maintain an action and avert the ordinary penalty of delay. The statute of limitations "will begin to run within a reasonable time after he could by his own act have perfected his right of action, and such reasonable time will not in any event extend beyond the statutory period fixed for the bringing of such an action." (*A. T. & S. F. Rld. Co. v. Burlingame Township*, 36 Kas. 628; *Rork v. Comm'rs of Douglas Co.*, 46 id. 175; *Bauserman v. Charlott*, 46 id. 480; *Kulp v. Kulp*, 51 id. 348; *Bauserman v. Blunt*, 13 Sup. Ct. Rep. 466.)

As the demand was not made until after the statutory period of limitation had elapsed, and no good excuse is given for the delay, it must be held that the mortgagor was too late in bringing the action. The judgment of the district court will be reversed.

All the Justices concurring.