JOSEPH SHULTZ *et al.* v. H. P. MORGAN.

1. PENAL STATUTE, *Strictly Construed.* A statute which is penal in its nature must be strictly construed, and where a person desires to avail himself of its provisions he must bring himself clearly within its terms.

2. MORTGAGE—*Payment—Satisfaction—Demand.* To sustain an action under chapter 175, Laws of 1889, relating to the discharge of mortgages, there must be proof of a demand in accordance with the provision of said act, or the person bringing such action must show such facts as excuse a demand under the provisions of said act.

MEMORANDUM.—Error from Kingman district court; S. W. LESLIE, judge. Action by Joseph Shultz and W. L. Lenhart against H. P. Morgan to recover a penalty for failure to release a mortgage. A demurrer to plaintiffs' evidence was sustained, and they bring the case here. Affirmed. The opinion herein, filed October 23, 1895, states the material facts.

*Hay & Hay,* for plaintiffs in error.
*Rohrbaugh & Rauch,* for defendant in error.

The opinion of the court was delivered by

COLE, J.: Plaintiffs in error brought an action in the district court of Kingman county against the defendant in error, H. P. Morgan, to recover a penalty and a reasonable attorney's fee for the failure to discharge a real-estate mortgage which had been fully paid. From a ruling of the court, sustaining a demurrer to the evidence and rendering judgment for said Morgan for costs, they bring the case here for review. This action is brought under chapter 68, General Statutes of 1868, as amended by chapter 175, Laws of 1889, (¶ 3892 *et seq.,* Gen. Stat. of 1889,) which prescribes a penalty of $100, together with a reasonable attorney's fee for a refusal or neglect to enter satisfaction, or cause satisfaction to be entered, of any mortgage on real property within 30 days after payment of the same and demand of such satisfaction. The act further prescribes that if the residence of the holder of such mortgage can be ascertained, no action shall be brought until demand is made; but such demand need not be in writing, and will be excused if the residence of the holder of such mortgage cannot, with due diligence, be ascertained. To sustain their

cause of action in the trial court, the plaintiffs offered, first, the deposition of Joseph Shultz, one of the said plaintiffs.   By said deposition it appears that he and his co-plaintiff were owners of certain real estate in the city of Kingman, Kingman county, upon which there had been placed by the grantor of these plaintiffs a mortgage of $200, due to the defendant, Morgan, and payable at the office of Jarvis, Conklin & Co., of Kansas City, Mo. ; that when the said mortgage became due the witness caused a draft to be sent for the full amount of the principal and interest to said firm, receipt of which was duly acknowledged.   The witness further states that he demanded and requested a release of said mortgage to be entered of record ; that neither he nor his co-plaintiff knew the residence or address of H. P. Morgan, the mortgagee, and that no one ever gave him such address or the address of any one else who claimed to own the mortgage.   He further states that, after the receipt of said draft in payment of said mortgage, they refused and neglected to release said mortgage of record for more than 30 days after the demand for said release, and he attaches as a part of his deposition certain letters received from Jarvis, Conklin & Co., one of which said letters is a notification to him of the date when said mortgage would become due, and the other acknowledged the receipt of a letter from the witness, notified him that his loan was held by an investor in the east, to whom his draft had been forwarded, and advised him that upon receipt of the papers from said investor they would forward the same as he directed.   The plaintiffs further offered in evidence a letter from the same firm to one J. W. Light, of Kingman, admitting the receipt of the draft in payment of the mortgage in question, and advising that upon receipt of the re-

lease papers from the investors they would immediately forward the same to him, as requested by Mr. Shultz.    This, with the addition of the note and mortgage, the release of same, some testimony upon the part of certain witnesses as to the conveyance to Shultz and Lenhart and the recording of the same, and of the fact that the record showed the mortgage in question to be the property of H. P. Morgan, and also some testimony as to what a reasonable attorney's fee would be for the prosecution of the case, was all the evidence introduced.    It is well to state, however, that the letters from Jarvis, Conklin & Co. showed that the said H. P. Morgan was vice-president of said firm or company.

We are of the opinion in this case that the demurrer was properly sustained.    The plaintiffs herein seek to recover under a statute which is penal in its nature. The rule is that penalties are not favored, and that one who seeks to recover under a statute like the one here invoked must bring himself clearly within its provisions; and one of its provisions is that if the residence of the holder of such mortgage can be ascertained, a demand must be made for the release of the mortgage paid 30 days prior to the commencement of an action for the penalty or the person bringing such action must show that, with the exercise of due diligence, the residence of the holder of such mortgage cannot be ascertained.    The only evidence in this case upon the question of demand is that of the plaintiff, Shultz.    He says that he demanded a release of the mortgage; but when, from whom, or in what manner the demand was made does not appear.    Giving his evidence, however, all the force possible, and taking in connection with it all natural inferences, we can reasonably say that the demand was in writing,

and was made of Jarvis, Conklin & Co., of which firm or corporation the defendant was an officer. Now, while it is true the statute prescribes that the demand need not be in writing, yet, where the only demand testified to must have been a written one, no proof could be received that the writing relied upon contained a demand until some effort had been shown to produce the writing itself, or some foundation laid for secondary evidence as to the contents thereof. This was not attempted in this case.

Again, while Jarvis, Conklin & Co. were the proper parties to receive payment of this mortgage, from the fact that the same was made payable at their office, it does not follow that they were the proper persons upon whom to make demand for a release of such mortgage, which showed upon its face that it was not due to them but to some one else. Besides, the stattute prescribes a very easy manner of obviating the necessity of a demand. In this case, the plaintiff, Shultz, received notice that the owner of this mortgage resided in the east, and that the draft sent for its payment had been forwarded to him. Now, it would have been a very easy matter for Shultz to have shown in this case that he had exercised some diligence in attempting to find the residence of such owner. If he had simply written a letter to Jarvis, Conklin & Co., who evidently knew the desired address, and if he had received the same from them, his demand could have been made directly upon the owner, or, failing to receive the address, he could have made proof of having exercised this diligence, and he would then have been excused by the statute from making this demand.

The evidence in this case fails to show either that a demand was made or that the plaintiffs were excused

from making such demand by inability to ascertain the residence of the holder of the mortgage, and without this they could not recover. The judgment of the district court is affirmed.

All the Judges concurring.