HENRY ASHLEY *et al.* v. MADISON FRAME *et al.*

NO. 151.

PENALTY—*Limitation of Action.* An action by a creditor of an insolvent corporation against its officers, under paragraph 406, General Statutes of 1889, is for a penalty, and is barred within one year, under subdivision 4, paragraph 4095 of said statutes.

MEMORANDUM.—Error from Woodson district court; L. STILLWELL, judge. Action by Madison Frame against Henry Ashley and others to recover the amount

of a deposit in the Woodson County State Bank. Judgment for plaintiff. Defendants bring the case to this court. Reversed. The opinion herein, filed July 13, 1896, states the material facts.

*G. E. Manchester*, and *W. E. Hogueland*, for plaintiffs in error ; *Waggener, Horton & Orr*, of counsel.

*Kirkpatrick & Holmes*, for defendants in error ; *Redden & Schumacher*, of counsel.

The opinion of the court was delivered by

COLE, J. : Plaintiffs in error were the officers of the Woodson County State Bank, and this action is brought against them as such officers, under paragraph 406, General Statutes of 1889, to recover the amount of a certain deposit made by Madison Frame in said bank at a time when it is claimed the bank was insolvent and in failing circumstances. Since the rendition of judgment in the court below, one of the plaintiffs in error has died, and a stipulation has been filed in this court by counsel discharging the judgment so far as said plaintiff in error is concerned, and waiving his absence or that of his representative in this court. It was further agreed, in open court, by counsel, that the only question for the determination of this court was whether an action brought under paragraph 406 was one for the recovery of a penalty, within the meaning of the statute governing the limitations of actions, or whether such action is to recover upon a statutory liability. It is therefore our duty to construe the section of the statute in question.

Chancellor Kent has given us some excellent rules with regard to the manner of construing statutory enactments. Among others is the following:

"It is an established rule in the exposition of the

statutes that the intention of the lawgiver is to be deduced from a view of the whole and of every part of a statute taken and compared together. . . . When the words are not explicit, the intention is to be collected from the context, from the occasion and necessity of the law, from the mischief felt and the objects and the remedy in view, and the intention is to be taken or presumed, according to what is consonant to reason and good discretion." ( 1 Kent's Com. [8th ed.] 510, 511.)

Following the rule laid down by this eminent law-writer, we find, first, that the statute in question was enacted by the legislature of 1879, and appears as section 1, chapter 47 of the session laws of that year. The occasion and necessity of the law arose from the fact that until that date there was no statute in this state making officers of banking institutions liable in any way for receiving deposits or creating debts when a bank was insolvent or in a failing condition. The legislature not only enacted the chapter to which reference has been made, but at the same date enacted a further statute making the reception of deposits or the creation of debts by the officers of an insolvent bank a crime, and prescribed a punishment therefor. ( Laws 1879, ch. 48.)

The logical deduction to be drawn from the action of the legislature is, that there was a necessity for a law compelling a more strict accountability of officers of banking institutions in this state. It is obvious that the legislature felt that those who had been placed in positions of trust in institutions of that character, who manage the business affairs and should be presumed to have knowledge of its financial standing, had been permitted to escape liability, even when their own tortious acts had caused the mischief which the legislature sought to control. These statutes were

enacted with knowledge upon the part of the legislature that the law already provided a liability so far as the stockholders of a corporation are concerned, and with the further knowledge that the officers of corporations are chosen from the stockholders. The intention, therefore, of the legislature must necessarily have been to provide either a further liability for stockholders, or a punishment for those persons chosen by stockholders as officers, and whose duties, if properly fulfilled, would give them a personal knowledge of the financial condition of the bank with which they were connected, but who, through negligence or intention, failed in the performance of their duties as such officers. Section 1, chapter 47, Laws of 1879, (Gen. Stat. 1889, ¶ 406,) reads as follows :

"It shall be unlawful for any president, director, manager, cashier or other officer of any banking institution to assent to the reception of deposits or the creation of debts by such banking institution, after he shall have had knowledge of the fact that it is insolvent or in failing circumstances ; and it is hereby made the duty of every such officer, agent or manager of such banking institution to examine into the affairs of the same, and, if possible, know its condition. And, upon failure of any such person to discharge such duty, he shall, for the purpose of this act, be held to have had knowledge of the insolvency of such bank, or that it was in failing circumstances. Every person violating the provisions of this section shall be individually responsible for such deposits so received, and all such debts so contracted : *Provided,* Any director who may have paid more than his share of the liabilities mentioned in this section may have the proper remedy at law against such other persons as shall not have paid their full share of such liabilities."

Our attention is first directed to the opening clause of this section, which recites that it shall be unlawful

for the persons therein named to do the acts prohibited
or fail to perform the duties enjoined by said section.
Bouvier says: "Penal statutes are those which com-
mand or prohibit a thing under certain penalty."
It is plain that this section commands and prohibits
certain things.    It prohibits the officers of any bank-
ing institution from. assenting to the reception of de-
posits or the creation of debts with knowledge of the
fact that the bank is insolvent, and it commands such
officers, as a part of their duty, to examine into the
affairs of the bank and know its condition.    The sec-
tion then prescribes that a violation of the provisions
thereof shall bring a punishment to every officer who
violates.    Without the statute neither officers nor
stockholders would be liable in an action of this char-
acter, and paragraph 1206, General Statutes of 1889,
fixes the liability of a stockholder, as such, in the fol-
lowing language:

"No stockholder shall be liable to pay debts of the
corporation beyond the amount due on his stock and
an additional amount equal to the stock owned by him."

Did the statute in question create a further liability
upon the part of the officers of a banking corporation
simply because they were officers?    We think not.
This statute makes all officers liable, not because they
are officers, but because, being officers, they fail to
perform the duties required of them by statute.    If,.
then, the added liability is not created because one
is a stockholder or an officer, but because of a failure
in the performance of a duty, the conclusion must be
that the liability created is in the nature of a penalty
for the failure to perform such duty.

We are the more firmly convinced that the conclu-
sion reached is the correct one from the further pro-
visions of this statute.    It is a well-settled principle

of law that there is no contribution enforceable be-
tween wrong-doers unless the statute specially pro-
vides therefor.   This statute specially provides for
contribution among the officers who may have been
guilty of the wrongs named in the statute.

Again, section 4 of the act provides :

" This act shall extend to and may be enforced by
and against executors and administrators of such de-
ceased officers, agents, and managers." (Gen. Stat.
1889, ¶ 409.)

Had it been the intention of the legislature to create
simply a statutory liability there would have been no
necessity for the section last quoted.   A statutory lia-
bility outside of a penalty would survive as against
the representatives of any deceased officer of the bank.
The legislature must therefore have had in mind, in the
enactment of section 4, that a penalty had been pre-
scribed, an action for the recovery of which would not
survive unless covered by some statute.   Again, the
liability of the officer is not determined in any sense
by the actual loss of the creditor, for, under this stat-
ute the officers of a bank are made liable for the full
amount of the claim of any creditor who becomes such
by reason of their failure to comply with the statute.
The creditor need not await the winding up of the
affairs of the insolvent bank to see what share of his
loss its assets will pay, but may proceed at once
against the officers for his full account.

We have discussed this question thus far upon the
statute itself taken as a whole and the separate parts
compared together, and in connection with the evi-
dent occasion and necessity of the law and the object
and remedy in view.   We will now call attention to
further statutes declared by our supreme court, and
those of other states, to be statutes involving a penalty,

and which in some respects are analogous to the one under discussion. It has been held by our own supreme court that the statute permitting a mortgagor to recover against the mortgagee for failure to enter satisfaction on the record, when a mortgage has been paid, prescribes an action for the recovery of a penalty which is barred by the one-year statute of limitation. (*Wey v. Scofield*, 53 Kan. 248.) And the same doctrine has been announced by this court in *Schultz v. Morgan*, 1 Kan. App. 572. It has also been held by this court, in the case of *Reese v. Rice*, 1 Kan. App. 311, that the provisions of the code permitting the amercement of a sheriff for failure to return an execution within 60 days are of a penal character. Both of the statutes referred to proceed upon the theory of permitting a recovery for the failure of an officer or a person to perform a duty enjoined by statute, and the measure of damages is not governed by the amount of the loss incurred.

Counsel for defendant in error insist that the statute under discussion is one permitting compensation only, but we cannot so view it, for the assets of an insolvent bank might pay 25, 50 or 75 per cent. of the deposits, but this would in no way release the officers from the penalty imposed on account of their failure to perform their official duties. Nor is there any provision permitting the recovery from the bank itself by the officers in case they are compelled to reimburse a depositor under this statute.

We cannot but think that, in case an action was brought by an officer of the bank to recover the amount paid by him to a depositor under this statute, it would be a valid defense that the payment was made, not for and on account of the bank, but because of his own wrong. See, also, *Globe Pub. Co. v. State*

*Bank*, 41 Neb. 175, and cases there cited ; *Merchants Nat. Bank v. Mfg. & Car Co.*, 48 Minn. 349.   In this latter case the following language is used :

"While this remedial purpose of the law is unquestionable, it is equally plain that the liability imposed is in the nature of a penalty.   It is imposed by the statute as a consequence of a violation of the law, resulting in the insolvency of the corporation.   While the liability is declared in favor of the creditors of the corporation, it does not rest upon contract, nor upon any principle of the law of contracts. . . . The creditors of the corporation may be able to recover from it, although it be insolvent, 90 per cent. of the amount of their debts, nevertheless, the directors are made jointly and severally liable . . . for all debts contracted after such violation."

Considerable stress is laid by counsel for defendant in error upon the decision of the supreme court of the state in *The State v. Pfefferle*, 33 Kan. 718, where it was held that a civil action brought by a county attorney to enforce a lien for fine and costs against the owner of premises who has knowingly suffered a person to sell liquor thereon in violation of law was one upon a liability created by statute, and not for a penalty or forfeiture within the provisions of the statutes of limitations.   In that case, however, the distinction is clearly drawn in the opinion that the fine and costs, for the recovery of which such action is brought, are not imposed upon the owner of the building but upon the person who violates the law, and the owner of the premises is simply made a surety for their payment.   It follows from the above views that the district court erred in holding that the statute in question was one prescribing a statutory liability and not a penalty.

The judgment is reversed, and the cause remanded,

with instructions to the district court of Woodson county to render judgment for plaintiffs in error, defendants below.

All the Judges concurring.