ROBERT O. RIZER v. THE BOARD OF COUNTY COMMISSIONERS OF GEARY COUNTY.

No. 9722.

1. STATUTE OF LIMITATIONS — *runs, not from the discovery of a conspiracy, but from acts or omissions in pursuance of it.* Wrongful acts or omissions in pursuance of a fraudulent conspiracy, and not the conspiracy itself, constitute a cause of action; and the Statute of Limitations begins to run from the time of such acts or omissions, if then known to the injured party, and not from the time of his discovery of such conspiracy.

2. ———— *action for accounting not taken out of, by alleging conspiracy to refuse accounting.* Where one who is entitled to maintain against another an action for an accounting, and who has the express promise of such other to account with him, fails to institute his action within the Statute of Limitations, he cannot except his case out of such statute by alleging a fraudulent conspiracy between his adversary and a third person to refuse such accounting.

Error from Riley District Court. Hon. R. B. Spilman, Judge. Opinion filed April 10, 1897. *Affirmed.*

*Thomas Dever*, for plaintiff in error.

*J. McClure*, and *W. S. Roark*, County Attorney, for defendant in error.

DOSTER, C. J. The plaintiff in error was county treasurer of Davis, now Geary, County for two consecutive terms, the last of which expired October 4, 1880. No final settlement of his accounts as treasurer has ever been had as required by statute; but, upon the face of the books of his office and those of the county clerk, he appeared, at the date mentioned, to be owing the county between eleven and twelve thousand dollars. To indemnify his sureties on his official bond, in the event it should be finally ascertained that a defalcation existed and they should be compelled to make it good, he executed to them a mortgage of real estate. On March 5, 1881, a compromise was effected between the defendant Board on the one hand and the sureties on the other, by the terms of which the sureties were to be released from their obligation upon the payment of four thousand dollars, and the mortgaged lands were to be sold and the proceeds paid, in sums of five hundred dollars each, to such of the sureties as should in the meantime pay a like amount on the compromise; the residue, up to said four thousand dollars, to be paid directly to the county. To the making of this compromise, the plaintiff in error assented in the following words: " I consent to the foregoing, reserving to myself the right to show the indebtedness less than the amount compromised. Rob't O. Rizer." The mortgaged lands were sold and the proceeds applied as agreed. On August 4, 1887, more than six years after the making of this compromise, the

plaintiff in error brought this action to compel settlement with the defendant Board of his official accounts, alleging that upon such settlement an indebtedness would be found due to himself. The petition alleged, in substance, that, at the time of the making of the compromise, the Board agreed to presently settle and adjust the plaintiff's accounts as county treasurer, and that it and the sureties agreed that the mortgaged property should not be sold and payment of the proceeds made until such settlement had been had; that, notwithstanding their agreement, the Board and sureties, fraudulently conspiring and seeking to oppress and wrong him, caused the property to be sold at a sacrifice and the proceeds to be paid without such accounting and settlement; and that he did not discover such fraudulent conspiracy and conduct until within two years preceding the commencement of this action. The defendant Board, in answer to this petition and in what it denominated its "second defense," pleaded the compromise agreement of March 5, 1881, by which, it averred, the plaintiff bound himself; and in this court, the Board also raises the question of the sufficiency of the petition, by suggesting that it shows a cause of action barred by the Statute of Limitations and also fails to state facts sufficient to constitute a cause of action. The sufficiency of the petition in both these respects was challenged by demurrer in the court below, but the demurrer was overruled; whereupon the defendant filed an answer, one ground of defense in which was the Statute of Limitations; but the journal entry of final judgment, as one of the proceedings upon the trial, recites—
"By consent of the parties, the defense known and designated as the 'second defense' comes on for trial, the parties waive a jury, and, with the consent of the court, the matter is submitted to the court." Omit-

ting details and· irrelevant matter, the above are the substantial facts.   Judgment was rendered in favor of the defendant, and from that judgment the plaintiff prosecutes this proceeding in error.

The claim of the plaintiff in error that he reserved a right to show his indebtedness less than the sum for which the sureties had compromised their liability, is well founded.   We are unable, in the light of all the circumstances, to construe the written contract of compromise and the appended reservation of right by the plaintiff in error in any other way.   But the Statute of Limitations presents an unsurmountable barrier to the prosecution of his cause.   He had the right to institute an action for an accounting against the County Board, but he should have commenced it at an earlier date.

1. Statute runs from time of acts.

Realizing this fact, he endeavors to except his case out of the statute by pleading fraud against the defendant Board and averring that such fraud was undiscovered by him until within two years preceding the commencement of his suit.   It is impossible, however, for him to maintain his case under this exception.   He complains of nothing but violated agreements upon the part of the defendant Board and the sureties on his bond.   He knew of these violations of agreement the moment they occurred.   The refusal of the Board to account with him, was one.   He knew it was so refusing.   The foreclosure of the mortgage on his land and the payment of the proceeds by his sureties, was another. He knew they were foreclosing and paying.   Realizing the untenability of his ground in this respect, environed as it is by these matters of knowledge, he pleads that such violations of agreement were in pursuance of a conspiracy between his sureties and the defendant Board, and that he did not know of the conspiracy.

2. Action not taken out of statute, when.

Granted. His cause of action cannot be founded upon the conspiracy, but must be founded upon the acts done in pursuance of it. *National Bank v. Havie*, 57 Kan. 754. Had the performance of such acts been secret, unknown to him, the case would be different; but no one can be said to be defrauded by the open, undisguised performance of an act of wrong. *Fraud implies secrecy* which cannot be discovered, treachery which cannot be guarded against; but the moment the secret or treacherous intent discloses itself in the performance of the act, knowledge exists, and the statute commences to run.

We think the challenge to the sufficiency of the petition, made and overruled in the court below, may be renewed in this court by the defendant in error.

Upon whatever reason the decision of the court below was founded, the judgment rendered by it was right and must be affirmed.