MADISON FRAME v. HENRY ASHLEY *et al.*

No. 10689.

STATUTE OF LIMITATIONS—*of three years, applies to action against bank officer for receiving deposit in insolvent bank.* A civil action brought, under chapter 47, Laws of 1879 (General Statutes 1897, ch. 18, § 74), against bank officers, for the recovery of deposits received by them when the bank was insolvent or in a failing condition, is upon a liability created by statute, and is governed as to the time of bringing it by the three years' limitation provided by the second subdivision of section 12, Civil Code, General Statutes 1897.

Error from the Court of Appeals, Southern Department. Opinion filed June 11, 1898. *Reversed.*

*G. E. Manchester* and *W. E. Hogueland*, for plaintiff in error. *Waggener, Horton & Orr*, of counsel.

*Kirtpatrick & Holmes*, for defendants in error.

DOSTER, C. J. The Woodson State Bank, of Woodson County, failed. The defendants in error, as its officers, with knowledge of its failing condition, received or assented to the reception of deposits in it. The plaintiff in error was one of the injured depositors. He sued to recover the amount of his loss. The suit was brought under chapter 47, Laws of 1879 (Gen. Stat. 1897, ch. 18, § 74). The District Court rendered judgment in his favor. Error was prosecuted to the Court of Appeals. That court reversed the judgment, upon the ground that the action was for the recovery of a penalty and was barred by the one-year Statute of Limitations. 45 Pac. 927. From the judgment of reversal error is prosecuted to this court. The sole question for decision is this : Is the action upon a " liability created by statute"; or, is it " upon a statute for penalty or forfeiture"? Does the limitation provided by the second subdivision of section 12 of the Civil Code, General Statutes 1897, or, as formerly numbered section 18, apply ; or, does that of the fourth subdivision of the section apply?

We are quite clear that the action is "upon a liability created by statute," and that the limitation of three years governs. The Court of Appeals was therefore in error. The general rule is that a statutory obligation to pay damages which the common law does not give is " a liability created by statute," where the damages awarded are limited to compensation — limited to an amount which merely makes the injured person whole. The general rule also is that a statutory obligation to pay an amount beyond compensation, to submit to more than the simple redress of the wrong done, to pay not merely in respect of the deserts of the injured person but as punishment for the wrong done, is a penalty. Tested by these simple rules the

case is easy of solution. The statutory obligation in question is a liability created by statute, because it is wholly limited to compensation. There is nothing of a penal character in the terms of the law which imposes the obligation. On the contrary, the statute and other enactments *in pari materia* clearly show that it was intended to be compensatory and not penal. Its title is as follows: "An act making officers of banking institutions responsible for the reception of deposits or the creation of debts, when such bank is insolvent or in a failing condition." After declaring that the reception of deposits or the creation of debts by banking officers with knowledge of the actual or impending insolvency of the bank shall be unlawful, it further declares: "Every person violating the provisions of this section shall be individually responsible for such deposits so received and all such debts so contracted." Nothing is allowed by it beyond the actual loss sustained. It is no answer to say that it may finally be that no loss has been sustained, because eventually the bank may pay in full. The loss is esteemed to be a present and entire one, because the deceit of the bank officers has involved the depositor or creditor in uncertainties and delays of repayment which constitute a violation of the contract between the parties.

At the same legislative session, another act upon the same specific subject, highly penal in its nature, was passed. It is chapter 48, Laws of 1879, and is entitled as follows: "An act providing for the punishment of officers of banking institutions, and private banks and their officers, for receiving deposits or creating debts when such banking institutions are insolvent or in a failing condition." It declares that the reception or assent to the reception of deposits of money, or the creation of debts, by bank officers having knowledge of the actual or impending insolvency

of their bank, shall be deemed larceny and shall be punishable as such. While, under this statute, no pecuniary fine is assessable to the injured person, it is hardly to be supposed that the Legislature intended by the two acts in question to provide for cumulative penalties. Rather is it to be supposed that one was intended to be penal and the other compensatory.

It is said, however, that a proceeding under the statute for the amercement of a sheriff is analogous to this case, and that the statute authorizing amercement (Gen. Stat. 1897, Civil Code, § 478) has been held to be penal in character. *Fuller v. Wells*, 42 Kan. 551. That statute, however, provides for more than compensation. It declares that the derelict officer "shall on motion in court, and two days' notice thereof in writing, be amerced in the amount of said debt, damages and costs, with ten per cent. thereon, to and for the use of said plaintiff or defendant, as the case may be." Under this statute, not only the debt, but whatever may be legally provable as damages, and, in addition to the aggregate of these sums, ten cent. thereon, may be recovered. This goes beyond compensation. It is punitory.

It is also said that the statute giving the mortgagor of property a right of action for the recovery of one hundred dollars for failure to enter satisfaction of the mortgage upon payment of it, has been held to be penal in character, and the action thereon barred in one year. Gen. Stat. 1897, ch. 119, § 9; ch. 120, § 9; *Wey v. Schofield*, 53 Kan. 248, 36 Pac. 333. There is no analogy between these statutes and the one under consideration. The latter gives compensation—nothing more, and permits nothing less. The former gives a fixed sum irrespective of the damage actually sustained. Damages from failure to enter satisfaction of a mortgage may be very great. It may be that

none whatever occur.. Whether great or small, or none at all, the amount recoverable is fixed arbitrarily at one hundred dollars.

Our conclusion is that the statute upon which this action was brought imposes a liability for compensation only, and in that respect is remedial of the common law. It does not declare a penalty *quasi* criminal in character.

The judgment of the Court of Appeals was wrong and must be reversed.