KNUTE SEGLEM v. N. A. YEAGER *et al.*

**No. 663.\***

LIMITATION OF ACTION—*Case Followed.* The case of *Frame v. Ashley*, 59 Kan. 477, 53 Pac. 474, cited and followed.

Error from Butler district court; A. M. JACKSON, judge. Opinion filed March 20, 1899. Reversed.

*Redden & Schumacher*, for plaintiff in error.

*Hamilton & Leydig*, and *Shinn & Knowles*, for defendants in error.

The opinion of the court was delivered by

DENNISON, P. J.: This action was commenced in the district court of Butler county by the plaintiff in error to recover the sum of $387 from the defendants in error. The second amended petition alleged that

---

\*Petition for order to certify denied by supreme court May 11, 1899.—REP.

the defendants were the directors of the Bank of Augusta, and that the plaintiff had deposited therein the amount claimed when the bank was insolvent and known to be insolvent by the defendants at the time it received his deposit, but that the fact of the bank's insolvency was not known to him at the time of making said deposit. The defendants demurred to the second amended petition, which demurrer was by the court sustained.

The question involved in this case is the statute of limitations. Since this case was tried in the district court the question has been decided by our supreme court in *Frame v. Ashley*, 59 Kan. 477, 53 Pac. 474 adversely to the contention of the defendants in error. They have filed an exhaustive brief on the construction of chapter 47, Laws of 1897 (Gen. Stat. 1897, ch. 18), claiming that the decision of the supreme court in *Frame v. Ashley*, supra, is erroneous. It is our duty to follow that decision.

The judgment of the district court is reversed, and the case remanded with instructions to overrule the demurrer of the defendants to the second amended petition of the plaintiff.