ISAIAH SMITH

*v.*

GOTTFRIED C. KRUEGER.

---

GOTTFRIED C. KRUEGER

*v.*

ISAIAH SMITH and JOHN L. ARMITAGE.

[Decided May 31st, 1906.]

1. On a bill for the cancellation of a mortgage on the ground that it was given for corporate stock which the mortgagor was induced to purchase by false representations of the mortgagee, evidence *held* insufficient to show that the alleged representations were made, or, if made, induced the purchase.

2. On a bill for the cancellation of a mortgage on the ground that it was given for corporate stock which the mortgagor was induced to purchase by fraudulent representations made pursuant to a conspiracy between the mortgagee and another, evidence *held* insufficient to establish a conspiracy.

3. Where a mining corporation transferred stock in consideration of a mortgage by the buyer to a third person, to whom the corporation was indirectly indebted for the mine, the consideration for the mortgage was its acceptance by the corporation as payment for the stock, and the fact that the mine was worthless did not constitute a failure of consideration for the mortgage.

4. Where, in foreclosure, defendant, by separate suit, prayed cancellation for fraudulent misrepresentations concerning the value of the stock for which the mortgage was given, and sought money damages against a third person joined as defendant on allegations that he conspired with the mortgagee in making the false representations, it was proper for the court of equity, in the exercise of its concurrent jurisdiction, to retain and dispose of the question of the liability of the third person for damages.

5. A bill in such case cannot be maintained as to the claim for damages after the expiration of the time limited by law for the commencement of an action at law for the fraud.

Heard on bill, answer and cross-bill, replication and proofs.

*Mr. James M. Trimble* and *Mr. John R. Hardin,* for complainant Smith and defendant Armitage.

*Mr. Joseph A. Beecher,* for Krueger.

EMERY, V. C.

These two causes now heard together are—*first,* a suit by Isaiah Smith against Gottfried C. Krueger, and *second,* a suit on a bill filed by Krueger against Smith and John L. Armitage as co-defendants.

By stipulation, filed at the hearing of these two causes, the evidence taken in a previous cause brought by Krueger against Armitage alone, is to be read and considered, so far as applicable, as if taken at this hearing. Smith's bill is filed to foreclose a mortgage on lands in Middlesex county, bearing date January 6th, 1894, given by Krueger to Smith to secure the payment of $4,000 in one year, with interest payable semi-annually, on which

the principal, with interest from August 6th, 1894, is due. Krueger's defence to the foreclosure suit is that the mortgage was obtained by false representations made by Smith to him for the purpose of securing it, and also that it was obtained by a fraudulent combination or conspiracy between Smith and Armitage. A cross-bill for cancellation of the mortgage is annexed to the answer. Krueger's bill subsequently filed against Smith and also against Armitage (who was not a party to Smith's foreclosure suit) sets up substantially the same allegations of false representations against both Smith and Armitage, and claims that by reason thereof the mortgage should be declared void, and also that both Smith and Armitage are liable to repay to him the additional amount, $8,500, which he (Krueger) invested in the purchase of the stock of a mining company, by reason of their false representations in regard to the mine of the company, and their conspiracy to sell the stock to him by such representation. Krueger's former suit was brought against Armitage alone to recover from him the entire amount so invested, $12,500, which included the amount of the mortgage to Smith. This bill was dismissed without prejudice to an action at law for the reasons given by me in *Krueger* v. *Armitage, 58 N. J. Eq. (13 Dick.) 357 (1899).*

The mortgage now in question, although given by Krueger directly to Smith, was given in carrying out a contract made by Krueger, not with Smith, but either with Armitage or a mining company, called the International Asbestos Company, for the purchase of five hundred shares of the stock of that company. The mortgage to Smith was accepted by the company as payment of so much cash to it by Krueger, on account of shares of its stock issued to Krueger. The company owed Armitage on a contract with him for the transfer of his stock to the company, to carry out its contract for stock with Krueger, and Armitage on his part owed Smith, under circumstances to be hereafter stated, for the purchase price of the mine, which had been conveyed by Smith to Armitage and by Armitage to the company. The mortgage made directly by Krueger to Smith was accepted by the company as Krueger's payment for $4,000 on account of the stock to be issued to him, and this amount was charged by the company to

Armitage as a payment on account of stock transferred by Armitage to the company for the purpose of issuing to Krueger, and Smith, on receiving the mortgage from Armitage, gave credit to Armitage for the amount. The false representations made are claimed to have been made in connection with Krueger's purchase of the stock. This purchase was negotiated between Armitage and Krueger, and Smith had no connection with this contract. As to Smith, Krueger's claim is based on the allegations— *first,* that before the delivery of the mortgage Smith made to Krueger false representations as to the mine, which induced him to give the mortgage, and *second,* that the stock of the company for which the mortgage was given as a part payment, and which was part of the stock purchased by Krueger, was really Smith's stock, and that the sale of the stock to Krueger was in pursuance of a fraudulent combination or conspiracy between Smith and Armitage to defraud Krueger. On the second ground Krueger, by his cross-bill, claims not only the cancellation of the mortgage, but a decree against both Smith and Armitage for the entire amount invested by him, about $12,500. The facts relating to the purchase of the stock and the giving of the mortgage may be summarized as follows: 1. (After a statement and examination of the evidence the opinion proceeds.)

Upon the whole evidence I conclude that Krueger has failed to show satisfactorily either that Smith made to him the representations claimed, or that such representations, if made as claimed by Krueger, induced the purchase of the stock. The conclusion which I reach is that Krueger, before any conversation with Smith, had completed the agreement for purchase of the five hundred shares of stock with Armitage, and had, together with the other directors, considered and acted on the matter of the correctness of Woltereck's report, and that Smith's general statement, if made under the circumstances stated by Krueger, cannot be considered as inducing Krueger's contract of purchase or the execution of the mortgage carrying out this purchase.

As to the second claim on which the defence to the mortgage of Smith and the bill against him is based, viz., that the mortgage was given for the purchase of Smith's stock, and was pro-

cured by a fraudulent combination and conspiracy between Smith and Armitage, the evidence fails to establish either of these facts. Smith had no interest in the stock purchased by Krueger, nor did he have any stock in the asbestos company until April, 1894, when he received shares which he was entitled to receive from Armitage under the option. The evidence does not establish Smith's responsibility for, or connection with, any statements made by Armitage to Krueger for the purpose of effecting the sale of the stock, and although Smith knew of Armitage's efforts to sell the stock to Krueger, it does not appear that he knew what representations were made by Armitage to Krueger. In making the sale of the stock Armitage was not acting as the agent of Smith, but on his own behalf, or that of the asbestos company. Smith, therefore, cannot be held responsible for any misstatements which may have been made by Armitage. At the hearing it was also claimed that the mine, to Smith's knowledge, was worthless, and that the whole consideration for the mortgage therefore failed. The proof does not, however, sustain this claim as to the mine, and inasmuch as the consideration of the mortgage, so far as Krueger was concerned, was its acceptance by the company as a cash payment on his obligation to pay for his stock, from which obligation he has been to that extent relieved, the consideration of the mortgage has not failed.

Defendant Armitage, in addition to a general denial of the charges and allegations against him made in the cross-bill, sets up two special defences in his answer. *First,* that he has no interest in the bond and mortgage given to Smith, as was charged in the cross-bill, and that, independent of such interest, Krueger is not entitled to any relief in this court against him by way of damages. As to any such relief the benefit of a demurrer was claimed. The general rule is that jurisdiction in equity in cases of fraud is concurrent with that of the courts of law, and the question of its exercise depends on the whole aspect of the case on the pleadings and proofs. The concurrent jurisdiction is asserted, and the exclusive jurisdiction of courts of law for recovery of damages caused by fraud is denied in *Eggers* v. *Anderson, 63 N. J. Eq. (18 Dick.) 264 (Court of Errors and Appeals, 1901).* In this case the equitable jurisdiction was exercised

solely for the recovery of money obtained by fraud. One reason for exercising the jurisdiction was stated to be that the exercise of the jurisdiction had not been objected to *in limine* as in *Krueger* v. *Armitage,* and as has been done in the present case. But in the present case the trial, in this court, of the question of fraud was necessary, because it was set up as a defence to the mortgage and as a reason for the equitable remedy of cancellation sought by the cross-bill in the mortgage suit. The claim for damages, in addition, was based on the same alleged fraud. This issue of fraud on the part of Armitage in the sale being properly here, the court, in exercising its concurrent jurisdiction, should dispose of the issue of fraud and of damages resulting from it in a single action and for all purposes.

The *second* special defence set up by Armitage is the statute of limitations, and, in my judgment, this must be allowed. The first bill against Armitage was dismissed on October 5th, 1899, expressly without prejudice to an action at law. No appeal was taken from this decree and no action at law was brought. The last payment made by Krueger for the stock was on March 8th, 1894, and the right of action at law expired on March 8th, 1900. The bill to foreclose his mortgage was filed by Smith on February 20th, 1895, and Krueger's answer and cross-bill against Smith alone, for cancellation of the mortgage, was filed April 4th, 1895. Proceedings in this suit were delayed pending the hearing and decision of the suit of *Krueger* v. *Armitage,* in which, as above stated, Krueger claimed against Armitage for the whole amount invested, including the $4,000 mortgage given to Smith. On November 29th, 1901, the present bill against Smith and Armitage was filed. So far as relates to Smith, the equitable remedy for a cancellation of the mortgage is not affected by the statute of limitations, but so far as relates to the recovery of damages in addition, either against him or Armitage, the statute is a bar. The settled rule is that where the jurisdiction in equity is concurrent with that at law, the suit, if barred at law, is barred in equity. *Conover* v. *Conover, 1 N. J. Eq. (Sax.) 403 (1831);* *Marsh* v. *Oliver, 14 N. J. Eq. (1 McCart.) 259 (Chancellor Green, 1862),* cited by me in *Condit* v. *Bigalow, 64 N. J. Eq. (19 Dick.) 514 (1903).* If the time of the discovery of the

alleged fraud be, in equity, the time when the statute begins to run, then the suit was barred in six years after August, 1894.

The bill by Krueger must therefore be dismissed as against both defendants. Smith is entitled to a decree for the amount due on his mortgage and to a dismissal of the cross-bill filed against him.