## TRIPP v. ENGLISH et al.

No. 7030—Opinion Filed June 27, 1916.

(158 Pac. 912.)

**1. Limitation of Actions—Fraudulent Conspiracy—Two-Year Statute.**

Where E. is insured in a number of fire insurance companies in the aggregate sum of $18,500, and his stock of merchandise upon which the insurance was taken out is totally destroyed by fire, and he is thereafter adjudged a bankrupt, but before the adjudication in bankruptcy such insurance companies paid the defendant 80 per cent. of such loss as a compromise settlement, and more than two years thereafter the trustee in bankruptcy brings an action alleging a fraudulent conspiracy between said insured and the insurance companies to conceal the assets of said bankrupt, held, such action is barred by the two-year statute of limitations.

**2. Same—Pleading—Demurrer.**

Where the petition alleges a fraudulent conspiracy between certain insurance companies and the bankrupt and others to conceal the assets of the bankrupt, such petition showing upon its face that it was filed more than two years after the date of the alleged tort, held, that it was not a liability created by statute, but that the gist of the action is the tort, and it is barred by the two-year

statute of limitations, and that the demurrer to the petition was properly sustained.

(Syllabus by Clay, C.)

Error from District Court, Oklahoma County; George W. Clark, Judge.

Action by H. F. Tripp, trustee in bankruptcy, against S. C. English and others. Judgment for defendants, and plaintiff brings error. Affirmed.

Nicholas & Lyle and W. C. Hughes, for plaintiff in error.

Scothorn, Caldwell & McRill and Burwell, Crockett & Johnson, for defendants in error.

Opinion by CLAY, C. The parties in this case will be referred to as they appeared in the trial court, plaintiff and defendants, respectively. Plaintiff, as trustee in bankruptcy of the estate of S. C. English, brought suit in the district court of Oklahoma county against S. C. English, his attorney, Charles Mitschrich, and defendant insurance companies Columbia Fire Insurance Company, Phoenix Assurance Company, Continental Insurance Company, Concordia Fire Insurance Company, Delaware Insurance Company, Michigan Commercial Insurance Company, American Insurance Company, St. Paul Fire & Marine Insurance Company, for $18,500, alleging that these defendants, on or about February 1, 1911, entered into a conspiracy to defraud the creditors of the said S. C. English, knowing him to be insolvent and that bankruptcy proceedings were pending against him, and by reason of said conspiracy paid to said English 80 per cent. of the said sum which was due by reason of the fire which had destroyed the stock of merchandise of the said English, and retained 20 per cent. as a benefit to themselves, and aided and abetted said English in his fraudulent intent to conceal the assets, with full knowledge of his wrongful intent; that plaintiff qualified as trustee in bankruptcy on the 11th day of April, 1911, and demanded of the said insurance companies payment of the sum due by each of them, which they refused to pay; that said English left the county of his residence, and his whereabouts are unknown to plaintiff. To this petition each of the defendants demurred because the petition failed to state facts sufficient to constitute a cause of action, because the same was barred by the statute of limitations. The trial court sustained the demurrer, plaintiff excepted, motion for new trial was made and overruled, exceptions saved, and judgment was entered for the defendants, and plaintiff brings the case here for review.

Plaintiff complains of the action of the trial court in sustaining the demurrers to the petition, and urges that the action was not barred by the statute of limitations, for

the reason that it was an action upon a liability created by a statute other than a forfeiture or penalty, and therefore was not barred for a period of three years from the date when the cause of action accrued, and cites in support of his contention the cases of Richards v. Board of Commissioners Wyandotte County, 28 Kan. 326; Davis, Adm'r, v. Clark et al., 58 Kan. 454, 49 Pac. 665; Durein v. Pontious, 34 Kan. 353, 8 Pac. 428; State v. Pfefferle, 33 Kan. 718, 7 Pac. 597; Frame v. Ashley et al., 59 Kan. 477, 53 Pac. 474.

Defendants contend that the action was barred by the third subdivision of section 4657, Rev. Laws 1910, which reads as follows:

"Third: Within two years: * * * An action for injury to the rights of another, not arising on contract, and not hereinafter enumerated; an action for relief on the ground of fraud—the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud"

—for the reason that it is not an action upon any contract, agreement, or promise in writing; that the policies of insurance are not declared upon against each of the defendants; that it is an action sounding in tort and is therefore barred by the above quoted two-year statute of limitation. The case of Richards v. Board of Wyandotte County, supra, which was an action against the board of county commissioners and the treasurer of said county on certain tax sale certificates for taxes illegally levied upon Indian lands because the county treasurer and board of county commissioners refused to refund, cannot be authority in this case, for the reason that the Supreme Court failed to determine whether or not the cause was barred by the two or the three-year statute. Mr. Justice Valentine in closing this case said:

"We think the action, if not barred by the two-year statute of limitations, is barred by the three-year statute, * * * and hence the judgment of the court below will be affirmed."

The case of Davis v. Clark, supra, was an action by an administrator de bonis non on his predecessor's bond. The court expressly holds:

"Without the statute, the plaintiff, who is an administrator de bonis non, could not maintain an action on his predecessor's bond. * * * It therefore appears that the right of the plaintiff to bring an action against the former administratrix and her bondsmen is derived solely from the statute; and, for this reason we think it may fairly be said the liability of the principal and surety is created by statute, and an action thereon must be brought within three years after it has accrued."

The other cases cited by the plaintiff are all cases in which the court expressly refers to the statute creating the liability, and each holds the same to be barred by the three-year statute of limitation. Plaintiff has failed to favor us with or call our attention to any statute creating the liability by virtue of which this suit was instituted. Plaintiff's petition seeks recovery against defendants by reason of an alleged conspiracy to defraud the creditors of S. C. English by paying to him a certain sum of money in order that they might benefit and English escape with the money or conceal the same from his creditors. The conspiracy adds nothing to the legal force and effect of the action to defraud. It is the tort which gives the right to damages, and the conspiracy only enables the plaintiff to recover against the tort-feasors jointly. This subject is treated in 8 Cyc. 647, 648, where a large number of cases are cited. The conspiracy is a tort, and the actors therein joint tort-feasors. See 38 Cyc. 519. That plaintiff has a right to bring an action for conspiracy to defraud creditors, see Ency. of U. S. Supreme Court Reports, 1108; Findlay v. McAllister, 113 U. S. 104, 5 Sup. Ct. 401, 28 L. Ed. 930. The wrongful acts in pursuance of a conspiracy, and not the conspiracy itself, constitute the cause of action. In this case the cause of action arises, not by reason of any conspiracy to do the wrong; but it was the payment of the money to the defendant with the intent to aid and abet him in concealing his assets from his creditors which constituted the tort or wrong and gave rise to the cause of action. Rizer v. Geary County, 58 Kan. 114, 48 Pac. 568; Krueger v. Smith, 71 N. J. Eq. 531, 63 Atl. 850; Van Horn v. Van Horn, 52 N. J. Law. 284, 20 Atl. 485, 10 L. R. A. 184.

Conspiracy is a common-law action, and is not a liability created by statute. In the case of State v. Stewart, 59 Vt. 273, 9 Atl. 559, 59 Am. Rep. 710, it is held:

"The reports, English and American, are full of illustrations * * * that a combination of two or more persons to effect an illegal purpose, * * * or to effect a legal purpose by illegal means, whether such purpose be illegal at common law or by statute, * * * is a common-law conspiracy. Brown v. Jacobs Pharmacy Co. [115 Ga. 429, 41 S. E. 553, 57 L. R. A. 547] 90 Am. St. Rep. 126."

From the foregoing we are of the opinion that the petition stated a cause of action for fraudulent conspiracy, the elements of which were the wrongful act, the injury to the rights of another not arising on contract, and damages, and is barred by the two-year statute of limitations. Having decided that the cause was barred by the statute of limita-

tions, it is unnecessary to consider the other questions raised by plaintiff in error.

We therefore recommend the judgment of the trial court be sustained.

By the Court: It is so ordered.