TOPEKA PAPER COMPANY v. OKLAHOMA PUBLISHING COMPANY.

(Filed July 30, 1898.)

1. CORPORATIONS—*One Cannot Consolidate With Another.* The statutes of this Territory provide no authority by which one corporation has the power to consolidate with another corporation by putting in all of the property and franchises belonging to it, and attempting to form a new corporation; and without such statutory authority no such power exists.

2. SAME—*Attempts to Will Not Work Dissolution.* If such consolidation be attempted, it will not work the dissolution of the old corporation.

3. SAME. Under section 958 of the Statutes of 1893, such an attempted consolidation is not a "division, withdrawal or payment to the stockholders, or any of them, of any part of the capital stock."

4. SAME—*Dissolution.* Section 968 of the Statutes of 1893 provides the only method by which a corporation may be dissolved, and, if a corporation be not dissolved by "expiration of the time limited by its articles of incorporation," such dissolution must be accomplished through a judgment of a competent court.

5. SAME—*Liability of Directors.* Under section 958 of the Statutes of 1893, no right of action will accrue, as against the directors of corpora-

Statement of Facts.

tions, until and after "the event of its dissolution," or after the dissolution shall have been "adjudged" by a competent court.
  (Syllabus by the Court.)

*Error from the District Court of Oklahoma County; before Henry W. Scott, District Judge.*

*R. G. Hay,* for plaintiff in error.

*Selwyn Douglas* and *McGregor Douglas,* for defendant in error.

### STATEMENT OF FACTS.

Action by the Topeka Paper company against the Oklahoma Publishing company, and others, as directors, on an account against the company for material furnished. There was a judgment for the defendant directors, and plaintiff brings error. Affirmed.

It appeared in evidence that Whit M. Grant, one of the directors of the defendant company, and one J. P. Boyle, purporting to act for the Press-Gazette Publishing company, also a corporation, entered into a contract, in their individual capacity, whereby they agreed that all of the property, rights, franchises, and business of their two respective corporations should be consolidated into one corporation, to be called "The Oklahoma City Publishing company," and that all of the rights, property, franchises, subscription lists, and so forth, belonging to each of said corporations, should be transferred to the new corporation, and thereafter that but one paper should be published, namely, that by the proposed corporation; that in payment for the property of each of the respective old companies the new corporation, the Oklahoma City Publishing company, issued stock to the amount of $6,00\, one-half of which, or $3,000, should be issued to the stock-

holders of the Oklahoma Publishing company, and one-half of which, or $3,000, should be issued to the stockholders in the Press-Gazette publishing company. This agreement was carried out by the stockholders, and thereafter said old corporations ceased to do business. At the time of the new arrangement the individual defendants were the directors of the defendant corporation, and after its consummation no property was left to the defendant, the Oklahoma Publishing company, wherewith to pay its debts, which the new corporation did not assume to control, and the debt due this plaintiff in error was a valid and existing indebtedness against said company at that time. The individual defendants herein were the directors of the defendant corporation at the time the consolidation took place, and the property of the defendant corporation was transferred to the new corporation. The original petition filed in the case prayed for judgment against the defendants for the amount claimed to be due. At the trial the court awarded judgment against the Oklahoma Publishing company for the amount claimed to be due, and against the plaintiff in error, and in favor of the defendants, Whit M. Grant and others, and for their costs. After the finding of the court, and before the court rendered judgment in the action, the plaintiff, by leave, filed an amended petition, which prayed that the Oklahoma Publishing company be dissolved and ousted as a corporation from exercising any rights in its corporate capacity, and for judgment, as in the original petition, against the individual defendants; and thereupon the court rendered judgment, in pursuance of its findings, in favor of plaintiff and against the defendant the Oklahoma Publishing company for the amount claimed, namely, $575.92, and in favor of the de-

fendants Grant and others, dismissing the action as to them, and refusing to dissolve the corporation, the Oklahoma Publishing company.

Opinion of the court by

McATEE, J.: Motion for a new trial having been made and overruled, the case is argued in the briefs upon the liability of the directors, Whit M. Grant and others, under section 958 of the Statutes of Oklahoma of 1893, which provides that:

"SEC. 958. The directors of corporations must not make dividends except from the surplus profits arising from the business, nor must they divide, withdraw or pay to the stockholders, or any of them, any part of the capital stock, nor must they create debts beyond their subscribed capital stock, except as especially provided by law. For a violation of the provisions of this section, the directors under whose administration the same may have happened * * are, in their individual and private capacity, jointly and severally liable to the corporation and to the creditors thereof, in the event of its dissolution, to the full amount of the capital stock so divided, paid out or reduced, or debts contracted." * *

It is not contended that the indivdual defendants "created debts beyond the amount of the capital stock." The contention is that by the attempted consolidation of the defendant corporation with the Press-Gazette corporation, and the attempted formation of a new company, the defendants violated the inhibition of the statute, that they must not "divide, withdraw or pay to the stockholders, or any of them, any part of the capital stock." The liability, if one exists, exists in consequence of this statutory provision, and does not exist at all unless the thing which was done was plainly within the prohibition against "dividing, withdrawing or paying to the stock-

holders, or any of them, any part of the capital stock."
The consolidation attempted is not authorized by any
provision of the statutes.    The defendant corporation
was not thereby dissolved.    Its legal existence remained
after the attempted consolidation just the same as be-
fore.    There can be no dissolution of a corporation, un-
der our statutes, except by the judgment of a court.
(Statutes Oklahoma, 1893, sec. 968.)

There is no showing that any of the capital stock of
the defendant corporation was "divided, or withdrawn or
paid out" to the stockholders, or that any change what-
ever was made in its status.    The stock was not said to
have been destroyed, and it may be presumed therefore
that even the paper evidences of the stock still remain
in existence.    It is not shown that the property of the
corporation was by the act of the stockholders destroyed
or impaired or lessened in value.    In the absence of any
statute authorizing the consolidation which was attempt-
ed, the legal rights of the creditors of the defendant cor-
poration and its legal liabilities and those of the direc-
tors remain the same.

The act by which the defendant corporation undertook
to associate itself with the Press-Gazette corporation,
and to form a new corporation, and receive stock therein
in fixed proportions, is not, in our view, a "division,
withdrawal or payment" to the stockholders of the de-
fendant corporation of any part of its capital stock. And,
if it were, the liability would not accrue until, in the
terms of the statute, "in the event of its dissolution."
Therefore, before any liability could be claimed or set
up, or could have accrued, so that an action could be
brought against the defendants for the debts of the cor-
poration, the event of its dissolution must have already

occurred, which, as is expressly provided in section 968, Statutes 1893, could only have taken place upon the "expiration of the time" limited by its articles of corporation, or by the judgment of a competent court. And we cannot therefore, sustain the contention of the plaintiff that by the attempted act of consolidation the defendants have violated the provisions of section 958, by which the directors under whose administration the same may have happened. could be held liable in their individual and private capacity. Whether or not the attempted consolidation was such an act as would have en titled the plaintiff to a judgment of dissolution of the defendant corporation is not before us. It is declared in the brief of the plaintiff in error that "the only question in this case is as to the liability of said directors under said section 958 of the statute." Some authorities are, however, alleged to support the contention that the attempted consolidation effected a dissolution of the defendant corporation. We have examined them. They do not support the contention. They show adjudications made upon the question of dissolution, which arose out of the consolidation of railroad companies, authorized by some statutory provision, and do not bear upon the question of consolidation of corporations attempted, as here, without such statutory provision. The judgment of the lower court is therefore affirmed.

All of the Justices concurring.