## MARTIN *et al.* v. GASSERT.

No. 4124.    Opinion Filed April 7, 1914.

(139 Pac. 1141.)

1.  **LIMITATION OF ACTIONS—Presentation of Defense—Manner.** Where a petition on its face shows that the cause of action set out therein is barred by the statute of limitations, it is error not to sustain a general demurrer to such petition, or to overrule an objection to the introduction of any evidence under such petition.

2.  **SAME—Fraud—Pleading—Sufficiency.** Where the petition in a case shows upon its face that a fraud upon which the cause of action was founded was consummated more than two years before the commencement of the action, plaintiff must set forth in his petition that he did not discover the fraud until less than two years before the commencement of the action, or his petition will be held defective on demurrer.

(Syllabus by the Court.)

*Error from District Court, Pawnee County;*
*L. M. Poe, Judge.*

Action in the nature of a creditors' suit by Charles Gassert against Catherine Martin and others. Judgment for plaintiff, and defendants bring error. Reversed and remanded.

*Biddison & Merritt,* for plaintiffs in error.

*Orton & McNeill,* for defendant in error.

HAYES, C. J. This is an appeal from a judgment rendered in the district court of Pawnee county. The action in the court below was in the nature of a judgment creditor's bill or suit, for

the purpose of subjecting certain lands to the payment of a judgment rendered by the district court of Noble county on the 1st day of March, 1905, in favor of defendant in error, Charles Gassert, and against two of the plaintiffs in error, C. W. Martin and Ida F. Martin, on the ground that certain lands located in Pawnee county had, since the rendition of said judgment, been purchased by the judgment creditor, C. W. Martin, and paid for by him, but that the title had been taken in the name of his father, Henry F. Martin, for the purpose of delaying, hindering, and defrauding his creditors, particularly defendant in error. Since the only question presented by this appeal that we need to consider was presented to the lower court by a general demurrer to the petition of defendant in error, who was plaintiff in the court below, and by an objection to the introduction of any evidence under said petition, it will be necessary to state substantially the facts alleged in the amended petition.

It is alleged that on the 1st day of March, 1905, defendant in error, in an action pending in the district court of Noble county, obtained a judgment against plaintiffs in error C. W. Martin and Ida F. Martin for the sum of $1,084.14 and for attorney's fees, costs, and interest; that subsequently there was paid and duly credited on said judgment the sum of $307. Thereafter, on the 9th day of July, 1907, an execution was issued by the clerk of the district court of Noble county, which was subsequently returned unsatisfied, and with the report that no property was to be found. On the 30th day of January, 1911, a certified copy of said judgment was issued by the clerk of the district court of Noble county, and duly docketed in the office of the district clerk of Pawnee county on the same date. Thereafter, on the 10th day of February, 1911, an execution was issued by the clerk of the district court of Noble county on said judgment in which county plaintiffs in error C. W. Martin and Ida F. Martin resided, and in which county the land in controversy is located. This writ of execution was also returned on the 24th day of March, 1911, not satisfied, and with the report by the sheriff that no property was found. On the 13th day of March, 1907, it is alleged that plaintiff in error C. W. Martin pur-

chased the farm .in controversy from one Burt, and paid the purchase price therefor, but that he had the title to said land conveyed to his father, Henry F. Martin, which deed was duly. filed for record and recorded in the office of the register of deeds of Pawnee county. He alleges that the transfer of said land to Henry. F. Martin was made and intended to be a trust for the sole use and benefit of plaintiff in error C. W. Martin, and was for the sole purpose and intent to injure and delay defendant in error in the collection of his judgment theretofore obtained against C. W. Martin. It is further alleged in the amended petition that Henry F. Martin never had possession of the land in controversy, but that the same was immediately taken possession of by plaintiff in error C. W. Martin, who has ever since been in possession thereof, paid the taxes thereon, and received the use, benefits, and profits therefrom. On the 15th day of January, 1911, Henry F. Martin died testate, and thereafter E. E. Rogers was appointed executor of his estate. Plaintiffs in error William Martin and Fey Martin, the two children of C. W. Martin and Ida F. Martin, claim the real estate in controversy by virtue of the will of their grandfather, Henry F. Martin, made and executed on December 24, 1910. The other plaintiffs in error are heirs of the said Henry F. Martin. On account of the foregoing facts, defendant in error alleges in said amended petition, and contended in the trial court, that the said Henry F. Martin held the title to said real estate in trust for plaintiff in error C. W. Martin, and that plaintiffs in error Fay Martin and William Martin obtained no title by virtue of the will from their grandfather, Henry F. Martin, that is not subject to the equitable title of C. W. Martin and defendant in error's right to have said land subjected to the lien of his judgment against the said C. W. Martin, and he prays for judgment of the court decreeing the conveyance to Henry F. Martin to have been made in fraud of defendant in error as a judgment creditor of said C. W. Martin, and that the same be sold and the proceeds applied to the payment of a certain mortgage thereon, and taxes and the payment of defendant in error's judgment, costs, and attorney's fees. After a general demurrer to this amended peti-

tion had been overruled, an answer was filed. Plaintiffs in error, who were defendants below, objected to the introduction of any testimony under said petition, upon the ground that it did not state a cause of action against them. The trial in the court below resulted in a judgment in favor of defendant in error, granting him the relief prayed for in his amended petition.

The principal contention made for reversal in this court is that the petition does not state a cause of action, in that it appears upon its face that the cause of action attempted to be set up therein is barred by the statute of limitations, and for such reason the general demurrer and the objection to the introduction of any testimony under said petition should have been sustained by the trial court. Section 5550, Comp. Laws 1909 (Rev. Laws 1910, sec. 4657), provides:

"Civil actions, other than for the recovery of real property, can only be brought within the following periods, after the cause of action shall have accrued, and not afterwards: * * * Third. Within two years: * * * An action for relief on the ground of fraud—the cause of action in such case shall not be deemed to have accrued until the discovery of the fraud."

In opposition to the contention of plaintiffs in error, defendant in error contends: First, that the defense of the statute of limitations cannot be availed of by a general demurrer, or by an objection to the introduction of any testimony under his petition; and, second, that it is not disclosed by his petition when the fraud complained of was discovered, and for that reason it does not appear from his petition that his cause of action falls within the statutory period of two years prescribed by the foregoing statute. The first contention of defendant in error has been determined against him, both by the decisions of this court and by decisions from the Supreme Court of Kansas, from which state the statute involved was adopted. In *M., K. & T. Ry. Co. v. Wilcox,* 32 Okla. 51, 121 Pac. 656, it was held that where a petition shows on its face that the cause of action set out therein is barred by the statute of limitations, or there are no allegations in the petition showing that the cause of action is not barred, a demurrer to such petition should be sustained; and it is error to overrule the same. The decision in the foregoing case

was predicated in part upon the authority of *Young v. Whittenhall,* 15 Kan. 580. In the last-mentioned case, the question presented by defendant's second contention was involved. The first count of the petition in that case, which was founded upon fraud, showed clearly that the fraud was committed more than two years before the commencement of the action, but failed to show when the fraud was discovered. In affirming the action of the trial court which sustained a demurrer to the petition, the court, speaking through Mr. Justice Valentine, said:

"That count does not show affirmatively when the plaintiff first obtained knowledge of the fraud alleged to have been perpetrated upon him, and therefore it does not show affirmatively, unless by presumption or implication, when the statute of limitations commenced to run against the cause of action stated in such count. The cause of action stated therein was of course complete on the very day that the alleged fraudulent transaction was finally consummated; but for the purpose of the statute of limitations the cause of action is not to be deemed to have accrued until the discovery of the fraud by the party aggrieved. That is, in such actions, although the cause of action is perfect on the very day that the fraud is consummated, yet the statute of limitations does not begin to operate upon such cause of action until the fraud is discovered. Or, in other words, the want of a discovery or knowledge of the fraud constitutes one of the exceptions which take the case out of the operation of the statute. Now, whose duty is it to plead this exception? And in what pleading must it be stated? It has always been the duty of the plaintiff, both in courts of law and in courts of equity, to plead the exceptions, where the question of the statute of limitations has been properly raised by the defendant. And it never was the duty of the defendant in such case to negative the exceptions."

Other cases, either in point or supporting this proposition, are: *Main v. Payne et al.,* 17 Kan. 608; *Doyle v. Doyle,* 33 Kan. 721, 7 Pac. 615; *Nelson v. Stull,* 65 Kan. 585, 68 Pac. 617, 70 Pac. 590. Decisions may be found from other jurisdictions which hold that the burden is not upon plaintiff to plead the exception to the statute, or, in other words, to plead that, although the cause of action accrued more than the statutory period before the commencement of the action, he did not discover it until within less than the statutory period before the commencement

of the action. But the foregoing construction and application of the statute, made by the highest appellate court of Kansas before the adoption of the statute in this state, should control us. It is clear from the facts pleaded in plaintiff's amended petition that his cause of action accrued more than two years before the institution of his action. If he did not discover the fraud until within the two years before the institution of the action, he should have pleaded that fact; and his failure to do so renders his petition subject to demurrer.

The judgment of the trial court is accordingly reversed, and the cause remanded.

All the Justices concur, except TURNER, J., not participating.