### FIX et ux. v. ROSE et al.

No. 7141—Opinion Filed June 19, 1917.

(166 Pac. 145.)

(Syllabus by the Court.)

**Action — Limitation of Actions — Nature of Action—Fraud.**

Petition examined, and held, in that the same disclosed that the action was for relief on the ground of fraud, and that the action was not brought for some eight years after the discovery thereof, the cause of action is barred by the statute of limitations of two years (Rev. Laws 1910, sec. 4657).

Error from District Court, Pottawatomie County; Chas. B. Wilson, Jr., Judge.

Action by Jesse Fix and wife against George L. Rose and another. Judgment for defendants, and plaintiffs bring error. Affirmed.

W. S. Pendleton, for plaintiffs in error.

T. G. Cutlip, for defendants in error.

TURNER, J. On March 2, 1914, in the superior court of Pottawatomie county, Jesse Fix and wife, plaintiffs in error, sued Geo. L. Rose and the First National Bank of Tecumseh, defendants in error. The cause was thereafter transferred to the district court.

The petition substantially states that theretofore, to wit, on or about October 1, 1906, one Taylor was the owner of the legal and then the equitable title to a tract of land, the location of which is not stated; that at that time Taylor, acting as their agent, sold it for $1,365; that they were entitled to the money, but, instead of turning it over to them, Taylor deposited it in the defendant bank with the knowledge of the defendant Rose, its president, that the same was the property of

plaintiffs and had been "converted and embezzled" by Taylor, who, it is charged, refused to turn it over to plaintiffs on demand, and aided and abetted said Taylor in defrauding plaintiffs thereof. The petition further states that, although the fraud was discovered a day or two thereafter, plaintiffs sued only Taylor for the amount, and on July 29, 1913, recovered judgment against him for $1,000, but that he is insolvent. The prayer is for judgment against the bank and Rose for $1,000, and for an accounting.

As this is an action for relief on the ground of fraud, as the fraud was discovered about two days after the sale of the land, and this action was not brought until some eight years thereafter, in that the petition disclosed that the cause of action was barred by the statute of limitations of two years (Rev. Laws 1910, sec. 4657), the demurrer to the petition was properly sustained.

Affirmed.

All the Justices concur, except KANE, J., absent and not participating.