## COLLIER v. EDWARDS et al.

No. 13261—Opinion Filed Oct. 14, 1924.

Rehearing Denied March 31, 1925.

1. **Corporations — Stockholders' Liability to Creditors—Estoppel to Assert Illegality of Stock.**

Persons to whom stock is issued without payment therefor in violation of a constitutional prohibition are liable to or for creditors notwithstanding the Constitution declares that stock shall not be issued in violation of the prohibition, for the holders of stock are estopped to set up the illegality or invalidity of the stock for the purpose of escaping liability to creditors.

2. **Same — Liability to Extent of Unpaid Subscriptions—Statute.**

Under section 5345, C. S. 1921, each stockholder of a corporation is individually and personally liable for the debts of the corporation to the extent of the amount that is unpaid upon the stock held by him.

3. **Same—Illegality of Stock Issue—Estoppel.**

One who permits himself to be held out as a stockholder of a corporation cannot escape liability under the statute for the amount unpaid thereon, on the ground that the Constitution forbids the issuance of stock except for money paid, labor done, or property received.

4. **Same—Basis of Creditors' Rights.**

The right of creditors to compel payment of the balance due for stock issued as fully paid when it is only partially so or when nothing at all has been paid thereon is based upon the fact that such issuance is a fraud as to them.

(Syllabus by Pinkham, C.)

Commissioners' Opinion, Division No. 5.

Error from District Court, Oklahoma County; Geo. W. Clark, Judge.

Action by Henry B. Collier against R. J. Edwards and others. From judgment in favor of the defendants, plaintiff brings error. Reversed.

Walker & Walker and Stuart, Sharp & Cruce, for plaintiff in error.

Keaton, Wells & Johnston and Wilson, Tomerlin & Threlkeld, for defendants in error.

Opinion by PINKHAM, C. This is an appeal from the judgment of the district court of Oklahoma county, sustaining a demurrer to the plaintiff's petition. The petition alleged that the plaintiff secured a judgment against an Oklahoma corporation known as

the "Safety First Alarm Co." for the sum of $62,000, with costs, in the United States Court for the Western District of Oklahoma.

It was alleged in the petition that the said judgment had not been appealed from and had become final, and constituted a valid debt against such Safety Alarm corporation.

It was alleged that said corporation was absolutely insolvent, that execution had been issued on said United States court judgment and returned "no property found."

The petition further alleged that the defendants named herein were the original promoters and subscribers to the capital stock in said Safety Alarm company. It set out the amount of stock which had been subscribed by each of the defendants, and that the stock had been issued to the defendants.

The petition further alleged that the defendants had paid nothing for said stock, and that they still owed the full amount for the same.

Plaintiff asked for judgment severally against the stockholders named in said petition. The trial court sustained a demurrer to this petition.

The plaintiff elected to stand upon his petition, whereupon the court dismissed the cause of action and petition of the plaintiff, to which action of the court the plaintiff duly excepted, and the case comes regularly on appeal to this court.

The one and only question presented by the record is the correctness of the ruling of the trial court in sustaining the said demurrer

Plaintiff's suit was brought under section 5345, Comp. Stat. 1921, which provides that each stockholder of a corporation is individually and personally liable for the debts of the corporation to the extent of the amount unpaid upon the stock held by him, and that any creditor of the corporation may institute joint or several actions against any stockholders that have not wholly paid the capital stock held by him, and that in such action the court must ascertain the amount that is unpaid upon the stock held by each stockholder and for which he is severally liable, and that several judgment must be rendered against each in conformity therewith.

It appears that the trial court sustained the defendants' demurrer to the plaintiff's petition upon the ground that the stock certificates issued as described in plaintiff's petition were void, and did not constitute the

defendants receiving them stockholders, so as to subject them to any liability as such stockholders.

The case of Lee v. Cameron, 67 Okla. 80, 169 Pac. 17, was relied upon by the trial court in its ruling that the plaintiff's petition failed to state a cause of action in favor of the plaintiff and against the said defendants or either of them.

The suit in the Lee v. Cameron Case, supra, was between the stockholders and the corporation; in the case before us the action is between a judgment creditor of an insolvent corporation and stockholders of the corporation who have paid no part of their subscription for stock issued to them.

In the opinion in Lee v. Cameron, supra, it is held that stock issued in violation of section 39, art. 9, of the Constitution, is void, said section of the Constitution providing that "no corporation shall issue stock except for money, labor done, or property actually received, to the amount of the par value thereof and all fictitious stock or indebtedness shall be void."

The evil sought to be removed by the provision of the Constitution was the issuance of stock as fully paid up stock when in fact the whole amount of the par value thereof has not been paid in, the result of which practice operated as a deception and fraud upon the public.

This provision of the Constitution is intended to bind the corporation. It is intended to protect the public. It is intended to put the corporations upon a real substantial basis to prevent the watering of their stock. (Webster v. Webster Refining Co., 36 Okla. 168, 128 Pac. 261, quoted with approval in Lee v. Cameron, supra.) In other words, it was intended to prevent a fraud being perpetrated upon anyone dealing with or affected by the acts of a corporation with reference to the issuing of stock, and it certainly was not intended that it could be invoked by original subscribers to whom stock has been issued without paying for the same, as a weapon of defense in an action by a creditor of the corporation against such shareholder, thereby permitting a delinquent subscriber and the corporation to perpetrate a fraud upon the public, to prevent which was the express purpose of the provision of the Constitution in question.

But there is nothing in the Lee v. Cameron Case, supra, decisive of the particular question involved in the case before us, which is: Can a creditor having a final judgment against a corporation which cannot be collected, because the company is insolvent,

maintain an action against the original promotor, subscribers, and holders of its stock who have not paid any part of the purchase price?

The distinction between a suit by a stockholder against the corporation and a suit of a creditor against a stockholder on account of the unpaid stock subscription seems to be recognized in the case of Levy v. Tradesmen's Bank, 78 Okla. 118. 188 Pac. 1077, which expressly decides that the creditor of an insolvent corporation could, under section 5345, Comp. Stat. 1921, hold a stockholder for the amount unpaid on his stock.

It is said in that case in the fourth paragraph of the syllabus:

"Under section 1263. Rev. Laws 1910 (sec. 5345, Comp. Stat. 1921) stockholders are liable for the debts of the corporation to the extent of the amount of their unpaid subscriptions for stock held by them."

In the opinion it is said:

"The trial court having found that Leon and Sam Levy each owed $6,000 on unpaid subscriptions for capital stock properly gave judgment against them in an amount sufficient to pay the unsatisfied judgment against the Marian Investment Co."

In 14 C. J. 956, it is said:

"By the weight of authority persons to whom stock is issued without payment therefor in violation of a constitutional or statutory prohibition are liable to or for creditors, notwithstanding the illegality of the transaction and even though the Constitution or statute declares that stock issued in violation of the prohibition shall be void, for the holders of the stock are estopped to set up the illegality or the invalidity of the stock for the purpose of escaping liability to creditors."

In Vaughn v. Alabama Nat. Bank (Ala.) 42 South. 64, it is said:

"As against a creditor of the corporation a stockholder is estopped to set up in defense of his stockholder's liability that he purchased the stock for less than its par value and that hence no recovery can be had owing to the illegality of the transaction."

"One who permits himself to be held out as a stockholder of a corporation cannot escape assessments under the statute for the amount unpaid thereon, on the ground that the Constitution forbids the issuance of stock except for money paid, labor done, or property transferred." Du Pont v. Ball (Del.) 106 Atl. 39. 7 A. L. R. 955.

The right of creditors to compel payment of the balance due for stock issued as fully paid when it is only partially so or when nothing at all has been paid in, is based upon the fact that such issuance is a fraud as to them rather than upon the trust fund doctrine. Holcombe v. Trenton White City Co. (N. J. Eq.) 82 Atl. 618, 616; 14 C. J. 956.

The capital of the corporation is the basis of its credit. It is a substitute for the individual liability of those who own its stock. People deal with it and give it credit on the faith of it. They have a right to assume that is has paid in capital to the amount which it represents as having, and if they give it credit on the faith of that representation, and if the representation is false, it is a fraud upon them, and in case the corporation becomes insolvent the law upon the plainest principles of common justice says to the delinquent stockholder: "Make that representation good by paying for your stock." Hospes v. Northwestern Mfg., etc., Co., 48 Minn. 174, 197, 50 N. W. 1117.

Treating the allegations of plaintiff's petition as true for the purpose of the demurrer, fraud upon the law follows as a necessary legal inference from the facts pleaded therein.

In the brief of defendants it is suggested that section 5345 (which undertakes to say that stockholder shall be liable to the creditors of the corporation for the amount unpaid upon the stock) applies to a situation that cannot legally exist under our law and is superseded by the provision of the Constitution (section 39, article 9).

It must be borne in mind that subsequent to the adoption of the Constitution, and with knowledge of its provision, this statute, section 5345, supra, was reenacted by the adoption in May, 1913, of the Revised Laws of 1910, and in no decisions of the court that we are aware of has this section of the statute been held to be inapplicable to a state of facts such as those pleaded in plaintiff's petition.

Section 5345, supra, contemplates that stock may be issued without being paid for, and that if it is so issued the acceptors are made liable to the creditors to the extent of their unpaid subscriptions. The law means and practically says: Corporate stock shall not be issued without valid consideration, but if it is so issued contrary to law the acceptor will be bound to pay its par value if the debts of the company cannot be paid otherwise.

To adopt the theory of defendants would result in a nullification of this statute which declares the liability to creditors of stockholders who have not paid for the stock issued to them.

Doubtless in a case where the corporation is wholly without power to issue stock in any manner whatever, because the corporation had no power to issue the stock at all, the issuance of the same to a subscriber would not estop such a subscriber to defend an action on his subscription on the ground of the illegality of the act of the corporation in issuing such stock. Such are some of the cases cited by defendants: American Tube Works v. Boston Machine Co., 139 Mass. 5, 29 N. E. 63, and Ross-Meehan Brake Shoe Foundry v. Southern Malleable Iron Co. (C. C.) 72 Fed. 957; State ex rel. Walcott v. Hardister, 108 Okla. 64, —— Pac. ——, in which cases the rights rights of creditors were not involved.

In such cases those dealing with the cor-of creditors were not involved.

It is not contended in this case as we understand the argument of defendants that the corporation had no authority to issue stock, but that it is void because it was issued without being paid for.

Where a corporation has the power to issue stock those extending credit to the corporation have a right to assume that stockholders who have subscribed for stock have either paid or will pay for their subscriptions, and as between the stockholders and the creditors of the corporation they are estopped from setting up the invalidity of the stock.

In the case of Du Pont v. Ball, supra, it is said:

"Although the Constitution of this state provides that 'no corporation shall issue stock, except for money paid, labor done, or personal property,' etc., (art. 9, sec. 3) * * * even though stock issued without consideration could be held to be void under our constitutional provision, and could be canceled by the corporation or upon the application of bona fide stockholders, it does not follow that the acceptor of such stock could claim immunity from assessment. Certainly a stockholder cannot escape such assessment if he has held himself out as the owner of the stock; and much less could he escape if he participated in the unlawful issue or if he has acquiesced therein."

We perceive no necessary conflict between the constitutional provision, sec. 39, art. 9, and the statute under which this action was brought (sec. 5345, supra).

We are therefore of the opinion that the cause should be reversed and remanded for further proceedings not inconsistent with the views herein expressed.

By the Court: It is so ordered.