**TAYLOR et al. v. WEBBER et al.**

No. 21676. March 27, 1934.

Withdrawn, Corrected, and Refiled April 10, 1934.

W. R. Kerr, for plaintiffs in error.

Frank Ertell and P. L. Long, for defendants in error.

John Ladner, amicus curiae.

CULLISON, V. C. J. J. E. Taylor and others, as plaintiffs, filed suit against W. A. Webber and others, as defendants, seeking to recover a money judgment alleged to be due from defendants to plaintiffs.

The record discloses that all of the defendants organized what was incorporated as Pitt Oil & Gas Company, and were the stockholders of said company. Pitt Oil & Gas Company became indebted to plaintiffs for gas, and the amount due from the Pitt Oil & Gas Company to plaintiffs was determined in a suit in the district court, but the major portion of said judgment remained due and unpaid. Plaintiffs instituted the suit at bar seeking to collect from the stockholders and directors of the Pitt Oil & Gas Company for the balance of said judgment previously procured, and alleged that the stockholders were liable personally for the balance of the same because they had not paid the entire purchase price of their stock, and that the directors were liable because they had declared' and paid dividends out of the capital stock when there were debts due creditors of the Pitt Oil & Gas Company.

Upon the trial of said cause the court sustained a demurrer to plaintiffs' evidence, of which ruling plaintiffs complain and appeal to this court, wherein they contend that the dissolution required before a creditor can maintain an action against the directors under section 5336, C. O. S. 1921, is a practical dissolution, not a judicial dissolution of the corporation.

Plaintiffs contend that there was a practical dissolution of the Pitt Oil & Gas Company, and that as a result of said practical dissolution of said company they could

maintain their suit against the directors individually.

We find that in the trial of said cause plaintiffs made an offer in evidence of the order appointing the receiver for the Pitt Oil & Gas Company, in case No. 39123, in the district court of Tulsa county, Okla., filed May 15, 1928, and the same was admitted as plaintiffs' exhibit No. 2, but said order is nowhere contained in the record so that we can ascertain what were the duties of said receiver, nor can we determine what was finally done in said receivership. (R.-44.)

This evidence fails to show any judicial dissolution of said corporation. But plaintiffs contend that a practical dissolution is sufficient to enable a suit such as the case at bar to be maintained against the directors.

Section 5336, C. O. S. 1921, which is section 9763, O. S. 1931, provides:

"The directors of corporations must not make dividends except from the surplus profit arising from the business thereof, nor must they divide, withdraw, or pay to the stockholders, or any of them, any part of the capital stock; nor must they create debts beyond their subscribed capital stock, or reduce or increase their capital stock, except as specially provided by law. For a violation of the provisions of this section, the directors under whose administration the same may have happened (except those who may have caused their dissent therefrom to be entered at large on the minutes of the directors at the time, or were not present when the same did happen), are, in their individual and private capacity, jointly and severally liable to the corporation, and to the creditors thereof, in the event of its dissolution, to the full amount of the capital stock so divided, withdrawn, paid out, or reduced, or debt contracted; and no statute of limitations is a bar to any suit against such directors for any sums for which they are made liable by this section. There may, however, be a division and distribution of the capital stock of any corporation which remains after the payment of all its debts upon its dissolution or the expiration of its term of existence."

Said section provides, in substance, that the individual directors are jointly and severally liable to the corporation and to the creditors thereof, in the event of its dissolution, to the full amount of capital stock so divided, withdrawn, paid out, or reduced.

Plaintiffs contend that, since said corporation had not been operating for some time, there was a practical dissolution which was sufficient under said section of the statute.

Said statute was construed in the case of Swofford Bros. Dry Goods Co. v. Owen, 37 Okla. 616, 629, 133 P. 193, 199, wherein this court held:

"Finally, it is insisted that the court erred in sustaining a demurrer to paragraphs 3 and 4 of the plaintiff's amended reply. That part of the reply to which the demurrer was sustained sought to hold the defendants individually liable by reason of the fact that, while there was but $20,000 of the capital stock of the corporation subscribed, yet the defendants as directors and officers in said corporation had permitted it to become indebted in a sum in excess of $60,000. While numerous objections are made to the legal sufficiency of these paragraphs of the reply, all of which present serious questions, but one is necessary for our determination. Section 1297, Comp. Laws 1909, under which it was sought to fix the individual liability of the defendants, provides in part:

" 'The directors of corporations must not * * * create debts beyond their subscribed capital stock. * * * For a violation of the provisions of this section the directors under whose administration the same may have happened * * * are, in their individual and private capacity, jointly and severally liable to the corporation, and to the creditors thereof, in the event of its dissolution, to the full amount of the * * * debt contracted.'

"It will be noted that the cause of action in the first instance is given to the corporation, and in the event of dissolution to the creditors thereof. We have already seen that the mere fact of the corporation having been declared a bankrupt did not work its dissolution. Hence, there being no dissolution, no cause of action accrued, except to the corporation or its trustee in bankruptcy. In Topeka Paper Co. v. Oklahoma Publishing Co., supra [7 Okla. 220, 54 P. 455], it was sought to hold directors individually liable under the same statute. A recovery was denied, and it was said in the opinion:

" 'The act by which the defendant corporation undertook to associate itself with the Press-Gazette corporation, and to form a new corporation, and receive stock therein in fixed proportions, is not, in our view, a "division, withdrawal or payment" to the stockholders of the defendant corporation of any part of its capital stock. And, if it were, the liability would not accrue until, in the terms of the statute, "in the event of its dissolution." Therefore, before any liability could be claimed or set up, or could have accrued, so that an action could be brought against the defendants

for the debts of the corporation, * * * which, as is expressly provided in section 968, Statutes 1893, could only have taken place upon the "expiration of the time" limited by its articles of incorporation, or by the judgment of a competent court.'

"The demurrer was properly sustained."

The holding of the court in the Swofford Case holds conclusively against plaintiffs' contention and sustains the decision of the trial court in sustaining the demurrer.

The judgment of the trial court is affirmed.

RILEY, C. J., and ANDREWS, OSBORN, and BUSBY, JJ., concur.