### TOWNLEY METAL & HARDWARE CO. v. CRAMER et al.

No. 23394.   Nov. 27, 1934.

Swan C. Burnette, for plaintiff in error.

W. L. Chapman and Tom C. Waldrep, for defendants in error.

PER CURIAM. The parties appear here as they appeared in the trial court. The trial court sustained an objection to the introduction of evidence and dismissed plaintiff's action for the reason that plaintiff's petition upon its face showed that the cause of action therein stated was barred by the statute of limitations.

The precise question presented by this appeal is: Does the statute of limitations begin to run against the right of a creditor of a corporation to recover from stockholders who have received "watered stock" from the corporation at the time when such stock was issued to such stockholders?

The substance of plaintiff's petition is that the Shawnee Metal Manufacturing Company (hereafter called the "corporation") was a corporation, capitalizing at $25,000, and organized about May 7, 1920; that at the time of its organization the corporation issued to some of the defendants certain shares of stock, and later, in July, 1920, and again in December, 1922, issued additional shares of stock to another of the defendants. That the corporation continued as an active one from the date of its organization until about January 10, 1930, on which last date a creditor, Rounds & Porter Company, commenced an action in the district court of Pottawatomie county claiming the corporation to be insolvent and praying for a receiver, and on said date a receiver was appointed. That on February 15, 1930, the assets of the corporation were sold pursuant to special execution and order of sale. and on February 24, 1930, the sale was confirmed and the proceeds thereof dis-

tributed pro rata to the creditors of said corporation; that after applying the pro rata share of the assets of the corporation to the plaintiff, there remained due to the plaintiff a balance of $521.68, together with some additional balances due to other creditors, the claims of which had been duly assigned to the plaintiff. The plaintiff contends, further, that the stock issued to the defendants herein by the corporation was without the payment of any money or the delivery of any property necessary or useful in said business, and that the defendants performed no service of value and paid no value for the shares held by them; that at all times the said defendants were stockholders in said corporation, and were holders of said stock at the time said corporation was adjudged insolvent and placed in the hands of a receiver, and that they knew that the said stock had been issued to them by the corporation without any value having been paid therefor; and the plaintiff prayed several judgments against said defendants for the amount of stock held by them.

Defendants contend that the statutes of limitations began to run in their favor from the date when the stock was issued to them; and such stock having been issued to the defendants, at the latest date, in December, 1922, and the plaintiff's action having been commenced on May 19, 1930, that plaintiff's action was accordingly barred by the statute of limitations.

The determination of the question before us depends upon the solution of another, namely, Did the cause of action in favor of the plaintiff accrue against the defendants at the time when the stock was issued to the defendants?

At the outset it must be noted that plaintiff's action is not one to recover on unpaid stock subscriptions; but, on the contrary, the action is one against stockholders acquiring and accepting stock which purports to be fully paid but is not in fact—which is, in other words, what is commonly known as "watered stock."

In support of their position that the statute of limitations began to run at the time when the stock was issued to them, the defendants cite authorities which relate to suits by creditors, **not to recover against stockholders who have acquired and accepted "watered stock,"** but, on the contrary, defendants' authorities cited relate to actions by creditors of a corporation on unpaid stock subscriptions. The two classes of cases are much confused, and it is not infrequently sought to apply to one class of cases the principles applicable to the other, as has been done by the defendants here.

Article 9, section 39, of the Constitution of Oklahoma, provides:

"No corporation shall issue stock except for money, labor done, or property actually received to the amount of the par value thereof."

Section 5345, C. O. S. 1921 (sec. 9772, O. S. 1931), provides:

"Each stockholder of a corporation is individually and personally liable for the debts of the corporation to the extent of the amount that is unpaid upon the stock held by him. Any creditor of the corporation may institute joint or several actions against any of its stockholders that have not wholly paid the capital stock held by him, and in such action the court must ascertain the amount that is unpaid upon the stock held by each stockholder and for which he is liable, and several judgments must be rendered against each in conformity therewith. The liability of each stockholder is determined by the amount unpaid upon the stock or shares owned by him at the time such action is commenced, and such liability is not released by any subsequent transfer of stock. And in no other case shall the stockholders be individually and personally liable for the debts of the corporation. * * *"

Our court, in construing the above-quoted constitutional and statutory provisions, has placed the right of recovery by a creditor against the owner of "watered stock" squarely on the ground of fraud. In Collier v. Edwards, 109 Okla. 153, 234 P. 720, the court said:

"The right of creditors to compel payment of the balance due for stock issued as fully paid when it is only partially so, or when nothing at all has been paid in, is based upon the fact that such issuance is a fraud as to them. * * *

"The capital of the corporation is the basis of its credit. It is a substitute for the individual liability of those who own its stock. People deal with it and give it credit on the faith of it. They have a right to assume that it has paid in capital to the amount which it represents as having, and if they give it credit on the faith of that representation, and if the representation is false, it is a fraud upon them, and in case the corporation becomes insolvent the law upon the plainest principles of common justice says to the delinquent stockholder: 'Make that representation good by paying for your stock.'"

In considering the questions presented by the defense of the statute of limitations, it is important to keep in mind essential differences between actions by creditors of a

corporation to recover on unpaid stock subscriptions, on the one hand, and actions (such as the case at bar) by such creditors to recover from stockholders who have received "watered stock," upon the other hand.

An action by a creditor of a corporation to recover on unpaid stock subscriptions sounds exclusively in contract, while the gist of the action by the creditor to recover from a stockholder who has received "watered stock" is tort. The action to recover on unpaid stock subscriptions is in the nature of an equitable garnishment in aid of execution. By it the creditor seeks to recover, not upon a debt due to him, but upon a debt due to his debtor. He seeks the interposition of equity to aid in the collection of his debt by applying to the satisfaction thereof assets of the judgment debtor which consist of debts owing from third persons to such judgment debtor. In so doing he places himself in the shoes of the judgment debtor and prosecutes the action against the debtors of the latter, not in his own right, but in the right of the judgment debtor— the corporation; and in such action he stands in the shoes of the corporation. Spencer v. Anderson (Cal.) 222 P. 355, 35 A. L. R. 822; Rhode v. Dock-Hop Co., 184 Cal. 367, 194 P. 11, 12 A. L. R. 437.

The creditor's suit against a stockholder who has received stock from the corporation without having paid therefor (i.e., the holder of "watered stock") proceeds upon entirely different principles. Here, though the creditor's claim against the corporation may rest in contract, his claim against such stockholder rests in tort. Collier v. Edwards, supra; Harrison v. Armour, 169 Cal. 787, 147 P. 1166. In this action a creditor does not stand in the shoes of the corporation, and he is not suing to recover upon a claim of the corporation against the stockholder. His action is not upon a debt due from the stockholder to the corporation. It is to recover compensation for a wrong done directly to him by the corporation acting for the stockholder and participated in by the latter. The gist of the creditor's action in this class of cases is that he was induced to extend credit to the corporation by the false representations of the corporation respecting the amount paid in by the stockholder to the corporate capital, such false representations on the part of the corporation having been participated in by the stockholder. Obviously, then, it follows that the creditor suffers no injury, and, therefore, his cause of action cannot possibly come into being until he extends credit to the corporation.

The foregoing principles are supported by Collier v. Edwards, supra, Spencer v. Anderson, supra, and Rhode v. Dock-Hop Co., supra. See, also, note in 35 A. L. R. 832, which, while dealing with the question of when the statute of limitations begins to run in an action by creditors of a corporation on unpaid stock subscriptions, also discusses the application of the statute of limitations to cases of "watered" or "bonus" stock.

From the foregoing we hold that the cause of action by a creditor of a corporation to recover from a stockholder who has received "watered stock" does not accrue at the time when such stock was issued to the stockholder, and, therefore, the statute of limitations against such creditor's action does not commence to run at the time of the issuance of such stock to the stockholder.

We shall not now undertake to decide the exact time when the cause of action accrues to the creditor against the stockholder who has received "watered stock" from the corporation so as to start the running of the statute of limitations, except to hold that in no event does such cause of action accrue prior to the time when the indebtedness of the corporation to the creditor is incurred. (We specifically point out that by so holding we do not necessarily decide that the creditor's cause of action does accrue against the stockholder at such time.) It has been variously held that the cause of action accrues to the creditor, and therefore the statute of limitations begins to run, from the date when the indebtedness was incurred by the corporation; from the time when the right of action accrues against the corporation; from the time when the corporation becomes insolvent; from the time when a judgment is obtained against the corporation and an execution returned nulla bona; from the time when the corporation is dissolved or ceases to do business. See note 10 L. R. A. (N. S.) 897; Fletcher, Cyclopedia Corporations, Rev. and Perm. Ed. (1932) vol. 13, p. 499, chapter 58, secs. 6180, et seq. By this appeal, however, it is not necessary for us to decide the exact time when the cause of action accrues to the creditor so as to start the running of the statute of limitations.

As suggested above, the authorities cited by defendants relate to action by creditors of a corporation on unpaid stock subscriptions; and the distinction between such actions and a suit by a creditor against stockholders to recover for "watered stock" issued to them (as is the case at bar) is pointed out in this opinion. The only other

authority cited by defendants is Parmelee v. Price (Ill.) 70 N. E. 725, and it has no application to the question before us, as will readily be perceived by a reading of the case. In that case the Supreme Court of Illinois, in construing section 25 of chapter 32 of Hurd's Revised Statutes of 1901 (Ill.), held that under said statute a right of action accrues to a creditor against a holder of "watered stock" whenever the corporation ceases doing business leaving debts unpaid, and that the creditor may proceed immediately to enforce this right of action in equity, under section 25, supra, without first reducing his claim against the corporation to judgment at law; and that since the cause of action accrued to the creditor at such time under said statute, the statute of limitations commenced to run at the time when the right of action accrued to the creditor. There is nothing whatever in the case that supports defendants' contention that the statute of limitations begins to run at the time when the stock was issued by the corporation to the stockholders.

The judgment of the trial court is reversed and the cause is remanded, with instructions that the objection to the introduction of evidence be overruled.

The Supreme Court acknowledges the aid of Attorneys Saul Yager, W. L. Eagleton, and Roscoe E. Harper in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Yager, and approved by Mr. Eagleton and Mr. Harper, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.