### MICCO v. FOSTER et al.

No. 27906. May 24, 1938.

Rehearing Denied June 14, 1938.

L. J. Burt and H. S. Samples, for plaintiff in error.

Carland Smith, J. Harry Swan, and R. T. Potter, for defendants in error.

PHELPS, J. This is an appeal by the plaintiff in the trial court from an order of the court sustaining the motions of the several defendants for judgment on the pleadings.

Without setting forth the petition in detail the following is the substance of the material portions thereof in so far as is necessary to determination of the appeal. The plaintiff became of age on August 17, 1931. That on June 25, 1932, the defendant Pitchford filed suit on behalf of plaintiff to foreclose a mortgage on certain land owned by other parties, and for personal judgment on the note securing the mortgage. That on February 15, 1933, the defendant Pitchford and the other defendants by fraudulent conspiracy induced the plaintiff to settle the case for less than he could ultimately have recovered, in that by the terms of said settlement plaintiff waived his claim for a deficiency judgment and also released one of the tracts of land covered by the mortgage. Pursuant to that settlement, in accordance therewith, the cause went to judgment in plaintiff's favor on August 5, 1933. Further facts are alleged whereunder it might be said that plaintiff was damaged by reason of inducing him to accept said settlement, assuming said allegations as true. The present action was filed December 12, 1935.

The plaintiff briefs the case entirely on the theory that a certain prior action between him and the defendant Pitchford, involving the present controversy, was not res judicata of the present case, and that is his sole proposition. In their answer brief the defendants bring to our attention the fact that the action was barred by the statute of limitations, and also answer the plaintiff's proposition concerning the question whether the former action was res judicata as to defendant Pitchford. The plaintiff does not answer the counterproposition concerning limitations, nor does he appear to dispute that the action is barred by limitations. We decide the case on the questions briefed, not concerning ourselves with other issues which are not raised in the appeal, or which possibly could have been raised.

It is clear from the pleadings and by the admissions of counsel in open court that the fraud was committed, if at all, on February 15, 1933. There is no allegation in the petition nor any present contention that the fraud was not discovered until a later date, thereby postponing the commencement of the running of the period of limitations. The judgment pursuant to said settlement was entered on August 5, 1933. Thus, regardless of whether the date of settlement or the date of the judgment started the running of the statute, the present action, filed December 12, 1935, was more than two years thereafter.

12 Okla. St. Ann., section 95, and the 3d

subdivision thereof, section 101, O. S. 1931, provides that civil actions for relief on the ground of fraud can only be brought within two years after the cause of action shall have accrued and not afterward, and that the cause of action on fraud shall not be deemed to have accrued until discovery of the fraud. In view of the pleadings, including the demurrers and answers of defendants, and the plain wording of the statute, there was nothing for the court to do but render the judgment as entered. An action for fraudulent conspiracy is governed by the two-year statute of limitations. Tripp v. English, 59 Okla. 225, 158 P. 912; Fitzgerald v. Illinois Life Ins. Co., 169 Okla. 583, 37 P.2d 952; Fix v. Rose, 64 Okla. 113, 166 P. 145.

As stated above, there is no allegation concerning later discovery of the fraud which would delay the running of the statute. Though the limitation period does not begin to run until discovery of the fraud, where this exception is relied upon it is incumbent on plaintiff to allege that he did not discover the fraud until within the two-year period, in order to take it out of the operation of the statute. Myers v. Center, 47 Kan. 324, 27 P. 978; Martin v. Gassert, 40 Okla. 608, 139 P. 1141. Else the petition will be held to be defective. Martin v. Gassert, supra. This is in accord with the general rule in this state that in such cases it is incumbent upon the plaintiff to "plead around" the statute of limitations, or the petition will be subject to dismissal by demurrer or motion for judgment on the pleadings. In the Martin v. Gassert Case, supra, it was stated in the 2d syllabus:

"Where the petition in a case shows upon its face that a fraud upon which the cause of action was founded was consummated more than two years before the commencement of the action, plaintiff must set forth in his petition that he did not discover the fraud until less than two years before the commencement of the action, or his petition will be held defective on demurrer."

As applied to the pleadings, and restricting the decision to the scope of the question briefed, this disposes of the case. The judgment is affirmed.

BAYLESS. V. C. J., and CORN, GIBSON, and HURST, JJ., concur.