**PAXTON v. HYER et al.**

No. 28363.   Feb. 14, 1939.

Rehearing Denied March 7, 1939.

408

John M. Milner, D. F. Rainey, Sam A. Neeley, and Martin J. Ward, for plaintiff in error.

Carland Smith, for defendants in error.

OSBORN, J. This is an appeal from a judgment of the superior court of Okmulgee county sustaining the defendants' separate demurrers to plaintiff's amended petition and dismissing said petition when plaintiff elected to stand thereon. Wade Z. Paxton brought this suit against F. R. Hyer, E. E. Horner, Ben Colchensky, individually and as trustees, the Okmulgee Supply Corporation and Hyer & Horner, Inc., a corporation, upon a judgment said Wade Z. Paxton had previously obtained in the district court of Okmulgee county against Hyer & Horner, Inc. We shall refer to the parties as they appeared in the lower court.

Before considering plaintiff's petition it is necessary that we review the litigation which preceded the present suit as disclosed by the exhibits attached to plaintiff's petition and incorporated therein. On January 31, 1933, plaintiff obtained a judgment, which was not appealed, against Hyer & Horner, Inc., in the district court of Okmulgee county for breach of a drilling contract. On May 31, 1933, plaintiff filed a petition in said district court asking that a receiver be appointed to take charge of the assets of said corporation, and that the officers, directors, agents, and employees of said corporation be restrained from disposing of the assets of the corporation, and further alleging that by fraud, scheme, and conspiracy on the part of the corporation, its officers, agents, and employees (the individual defendants herein are alleged to be the sole stockholders of Hyer & Horner, Inc.) the property and assets of said corporation had been concealed and conveyed for the purpose of defrauding the creditors, and that said corporation was insolvent. The court appointed a receiver for said corporation on August 8, 1933. The first receiver resigned and another was appointed. October 19, 1934, this receiver made his final report and alleged that he was unable to find any assets of value belonging to the defendant corporation and that he believed said corporation wholly insolvent and con-

tinuance of the receivership useless; this report was approved and the receiver discharged on October 22, 1934. Plaintiff filed this present suit on April 5, 1937.

The two counts of plaintiff's first cause of action allege defendants Hyer, Horner, and Colchensky, as individuals and as officers, trustees, and stockholders of both Hyer & Horner, Inc., and the Okmulgee Supply Corporation, entered a conspiracy to fraudulently transfer the assets of Hyer & Horner, Inc., particularly oil and gas properties, to said Okmulgee Supply Corporation for the purpose of defrauding the plaintiff, who was a judgment creditor of Hyer & Horner, Inc. In the first count of this cause of action plaintiff prays for an accounting of the properties alleged to have been transferred to the Okmulgee Supply Corporation, and that said properties, and the rents and profits therefrom, be impressed with an equitable lien in favor of the plaintiff, and in the second count plaintiff asks that said conveyance be set aside and canceled and his judgment be declared an equitable lien upon said properties.

The demurrers to these counts of plaintiff's petition were sustained by the lower court upon the ground they were barred by the statute of limitations. These two counts are in the nature of a creditor's bill and are based upon fraud. White v. Exchange National Bank, 172 Okla. 331, 44 P.2d 935. A civil action, in the nature of a creditor's bill, seeking to cancel conveyances made in fraud of creditors and to subject such property to the claims of the creditors, is controlled by subdivision 3, section 101, O. S. 1931 (12 Okla. Stat. Ann. sec. 95). White v. Exchange National Bank, supra; Blackwell v. Hatch, 13 Okla. 169, 73 P. 933; Ziska v. Ziska, 20 Okla. 634, 95 P. 254; Martin v. Gassert, 40 Okla. 608, 139 P. 1141.

Said subdivision 3, section 101, O. S. 1931 (12 Okla. Stat. Ann. sec. 95) provides:

"Third. Within two years: An action for relief on the ground of fraud—the cause of action in such cases shall not be deemed to have accrued until the discovery of the fraud."

In the petition plaintiff filed in the district court of Okmulgee on May 31, 1933, asking for the appointment of a receiver for Hyer & Horner, Inc., substantially the same allegations of fraud on the part of the defendants were made as in these two counts, and the plaintiff alleged in his petition herein that the conveyances made in pursuance of the conspiracy were made prior to the appointment of the receiver on

August 8, 1933. Consequently, it appears from the face of the petition herein that the fraudulent acts upon which this cause of action is based were known to the plaintiff prior to August 8, 1933, and since plaintiff failed to bring suit until April 5, 1937, and then did not allege that he had discovered the fraud within two years preceding the filing of this petition, the cause of action was barred by the statute of limitations provided in section 101, supra. In Martin v. Gassert, supra, which was approved by Micco v. Foster, 183 Okla. 89, 80 P.2d 229, this court said:

"Where the petition in a case shows upon its face that a fraud upon which the cause of action was founded was consummated more than two years before the commencement of the action, plaintiff must set forth in his petition that he did not discover the fraud until less than two years before the commencement of the action, or his petition will be held defective on demurrer."

In the second cause of action plaintiff seeks judgment against the individual defendants herein upon the ground that they, as officers of Hyer & Horner, Inc., had, on April 4, 1933, conveyed certain oil and gas leases, assets of said Hyer & Horner, Inc., to defendant Okmulgee Supply Corporation and Sam Miller and the Lowry Oil Company in pursuance of the alleged conspiracy to defraud the plaintiff. Neither Miller nor Lowry Oil Company is a defendant herein.

An action based upon fraudulent conspiracy is within the purview of subdivision 3, section 101, O. S. 1931 (12 Okla. Stat. Ann. sec. 95) supra, providing actions for fraud must be brought within two years from the date of the discovery of the fraud. Tripp v. English et al., 59 Okla. 225, 158 P. 912. Plaintiff alleged the conveyances were made on April 4, 1933, which was more than two years before the commencement of this action on April 5, 1937, and did not allege that he had discovered the fraud within two years preceding the filing of this suit. Therefore this cause of action is also barred by the statute of limitations, and the trial court did not err in sustaining the demurrers thereto. Martin v. Gassert, supra; Micco v. Foster, supra.

In the first count of the third cause of action plaintiff seeks judgment against the individual defendants as stockholders in Hyer & Horner, Inc., for such sums as said defendants owed said corporation for the stock issued to them. This is predicated upon section 9772, O. S. 1931 (18 Okla. St. Ann. sec. 127), which provides:

"Each stockholder of a corporation is in-

dividually and personally liable for the debts of the corporation to the extent of the amount that is unpaid upon the stock held by him. Any creditor of the corporation may institute joint or several actions against any of its stockholders that have not wholly paid the capital stock held by him, and in such action the court must ascertain the amount that is unpaid upon the stock held by each stockholder and for which he is liable, and several judgments must be rendered against each in conformity therewith."

This court has heretofore held that the right of recovery by a creditor under the foregoing statute is based upon the ground of fraud. Collier v. Edwards et al., 109 Okla. 153, 234 P. 720; Townley Metal & Hdw. Co. v. Cramer, 169 Okla. 525, 37 P.2d 915. Consequently, the two-year statute of limitation provided by subdivision 3, section 101, supra, is applicable.

Under the pleadings herein and the numerous authorities cited by this court in Townley Metal & Hdw. Co. v. Cramer, supra, and in the annotation in 35 A. L. R. 832, upon the question of when such a cause of action becomes barred by the statute of limitations, the latest date at which plaintiff's cause of action could be deemed to have arisen would be when the receiver of Hyer & Horner, Inc., was discharged for the reason the corporation was hopelessly insolvent, and plaintiff has cited no authorities to the contrary. Therefore, since the plaintiff failed to file suit within two years from the latest possible date his cause of action could have accrued under the above authorities, it is now barred.

In the second count of the third cause of action plaintiff seeks judgment against the individual defendants as directors of Hyer & Horner, Inc., under section 9763, O. S. 1931 (18 Okla. Stat. Ann. sec. 106), which provides:

"The directors of corporations must not make dividends * * * nor must they create debts beyond their subscribed capital stock, * * * For a violation of the provisions of this section, the directors under whose administration the same may have happened, * * * are, in their individual and private capacity, jointly and severally liable to the corporation, and to the creditors thereof, in the event of its dissolution, to the full amount of the * * * debt contracted; and no statute of limitations is a bar to any suit against such directors for any sums for which they are made liable by this section. * * *"

This court has heretofore held that a cause of action does not accrue to a creditor under the above statute until there has been a dissolution of the corporation debtor, and, if the corporation is not dissolved by expiration of the time limit of its articles of incorporation, such dissolution must be accomplished through a judgment of a competent court. Topeka Paper Co. v. Oklahoma Publishing Co., 7 Okla. 220, 54 P. 455; Swofford Bros. v. Owen et al., 37 Okla. 616, 133 P. 193; Taylor et al. v. Webber, 167 Okla. 578, 31 P.2d 603.

Plaintiff herein does not allege that the corporation debtor, Hyer & Horner, Inc., has been dissolved, and, therefore, under the foregoing authorities, has failed to state a cause of action under section 9763, supra. An examination of the case of Colcord v. Granzow, 137 Okla. 194, 278 P. 654, cited by the plaintiff, discloses that the corporation therein had been dissolved prior to the filing of suit, and consequently is not in point. The judgment of the lower court is affirmed.

BAYLESS, C. J., and RILEY, GIBSON, and DAVISON, JJ., concur.