### GULF COAST WESTERN OIL CO. v. TRAPP.

#### No. 3807.

United States Court of Appeals
Tenth Circuit.
April 28, 1949.

Rehearing Denied June 10, 1949.

Hal S. Whitten, Oklahoma City, Okl. (Joe W. Whitten, Oklahoma City, Okl., on the briefs), for appellant.

Ram Morrison, Oklahoma City, Okl., for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and HUXMAN, Circuit Judges.

PHILLIPS, Chief Judge.

This case was before this court on a previous appeal, Gulf Coast Western Oil Co.[1] v. Trapp, 165 F.2d 343. In that case we held that subparagraphs 12 to 19, inclusive, of paragraph II of the second amended complaint stated a claim upon which relief could be granted. On remand, the Oil Company sought to amend paragraph II of their third amended complaint by setting up these additional facts: That on October 12, 1934, G. T. Blankenship and Daisy D. Blankenship executed a mineral deed to the Farmers Mutual Royalty Syndicate[2] covering an undivided one-half interest in a tract of land situated in Garland County, Oklahoma; that on October 11, 1934, the Blankenships executed a quitclaim deed to such land to National Bond & Mortgage Co., Inc.,[3] excepting therefrom the one-half interest theretofore conveyed to Mutual Royalty; that on October 15, 1934, National executed a quitclaim deed to such land, excepting therefrom the one-half interest theretofore conveyed to Mutual Royalty;[4] that at all times since the recording of the deed to Mutual Royalty, it has been the owner of an undivided one-half interest in the minerals in such land; that Trapp filed a purported suit to quiet his title to such land in the district court of Garvin County, Oklahoma, on November 2, 1938; that he alleged his interest therein came through G. T. Blankenship and that Mutual Royalty claimed adversely to him; that no summons or other process in that action was served on Mutual Royalty; that the pleadings in such state court case were signed by Charles Swindall as attorney for Trapp; that Swindall filed an entry of appearance and disclaimer in the state court suit for Mutual Royalty; that Swindall was not authorized nor empowered so to do; and that on the basis of such entry of appearance and disclaimer, Trapp obtained a judgment quieting the title in

---

[1] Hereinafter called the Oil Company.
[2] Hereinafter called Mutual Royalty.
[3] Hereinafter called National.
[4] The name of grantee is not alleged.

him as against Mutual Royalty. The Oil Company prayed for a decree directing Trapp to execute proper instruments to Mutual Royalty clearing the title to its undivided one-half interest in such land. Leave to amend was denied and judgment went against the Oil Company.

[1, 2] 12 Okl.St.Ann. § 95, provides that an action for relief on the ground of fraud must be brought within two years after the cause of action shall have accrued, but that the cause of action shall not be deemed to have accrued until the discovery of the fraud. The judgment in the state court action was not void, but merely voidable. Section 95, supra, applies to actions brought to set aside a judgment on the ground of fraud.[5] The statute applies to an action in equity in a federal court.[6]

■ Where the defrauding party has not concealed the fraud, the statute of limitations begins to run on discovery of the fraud, or at the time it could have been discovered by the exercise of diligence.[7]

Here, the disclaimer and entry of appearance was filed on or before March 13, 1939, when the judgment was entered in the state court action. The application to amend was filed February 26, 1948.

■ Where the action is commenced more than two years after the alleged fraudulent acts occurred, the burden is on the plaintiff to allege and prove that the fraud was not discovered until within the statutory period before the commencement of the action.[8] The Oil Company wholly failed so to do.

It follows that the alleged cause of action set up in the proposed amendment was barred.

Affirmed.

---

[5] Kauffman v. McLaughlin, 189 Okl. 194, 114 P.2d 929, 930; Harjo v. Johnston, 187 Okl. 561, 104 P.2d 985, 994; Stauffer v. Watts, 73 Okl. 68, 174 P. 1031, 1033; City of Guthrie v. McKennon, 19 Okl. 306, 91 P. 851, 853.

[6] Guaranty Trust Co. v. York, 326 U. S. 99, 108, 109, 65 S.Ct. 1464, 89 L. Ed. 2079, 160 A.L.R. 1231.

[7] Farmers State Bank of Ada v. Keen, 66 Okl. 62, 167 P. 207, 209; Harris v. Smith, 149 Okl. 277, 300 P. 392; Bankers' Mortgage Co. v. Leisure, 172 Okl. 170, 42 P.2d 863, 864, 865; Mansfield, Brunson, Kemp & Ahrens v. King, 160 Okl. 243, 16 P.2d 87, 89.

[8] Brictson v. Woodrough, 8 Cir., 164 F. 2d 107, 110; Micco v. Foster, 183 Okl. 89, 80 P.2d 229, 230; Martin v. Gassert, 40 Okl. 608, 139 P. 1141, 1143; Larimer v. Knoyle, 43 Kan. 338, 23 P. 487, 491; Young v. Whittenhall, 15 Kan. 580, 581.

The Oklahoma statute of limitations was adopted from Kansas subsequent to the Kansas decisions above cited. In Martin v. Gassert, supra, the court held that the Kansas decisions decided before the adoption of § 95, supra, from the Kansas statutes, were controlling.